ROBERT R. CLARK (FATHER); MAGGIE V. CLARK (WIDOW), BILLY RANDOLPH CLARK (MINOR SON) OF L. R. CLARK, DECEASED, EMPLOYEE, v. L. M. SHEFFIELD, SHERIFF; SPRAY CIVIC ASSOCIATION, INC., EMPLOYER, AND ÆTNA LIFE INSURANCE COMPANY, CARRIER.

(Filed 1 November, 1939.)

**1. Master and Servant § 37—**

The provisions of ch. 277, Public Laws of 1939, providing that deputies sheriff should be deemed employees of the county for the purpose of determining the rights of the parties under the Workmen's Compensation Act does not apply to accidents occurring prior to the enactment of the amendment.

**2. Master and Servant § 38—**

Intestate was killed while serving a warrant under authority of his appointment as deputy sheriff. The fatal injury was inflicted prior to the enactment of ch. 277, Public Laws of 1939. *Held:* Intestate was not an employee of the sheriff, and the sheriff cannot be held liable for the payment of the award rendered in favor of the deputy's dependents.

**3. Same—Evidence held sufficient to support finding that intestate was an employee of defendant civic association.**

The evidence tended to show that defendant civic association was incorporated to further the interests of the community, and that its charter specifically empowered it to employ deputies sheriff to act as police in the community under the provisions of law, that intestate was appointed deputy by the sheriff of the county, but was paid by the association, that the association obtained a compensation policy specifically covering intestate, and that intestate was killed while serving a warrant in the community in the performance of his duties. *Held:* The evidence is sufficient to support the finding of the Industrial Commission that at the time intestate was an employee of the civic association, and the association and its insurance carrier are liable for the payment of the award rendered in favor of intestate's dependents.

**4. Master and Servant § 55d—**

The findings of fact of the Industrial Commission are conclusive on the court when supported by any sufficient evidence.

APPEAL by defendants from *Alley, J.,* at June Term, 1939, of ROCKINGHAM. Affirmed as to Spray Civic Association, Inc. Reversed as to L. M. Sheffield, Sheriff.

This is a proceeding under the North Carolina Workmen's Compensation Act. The hearing Commissioner, J. Dewey Dorsett, found the following facts and made the conclusions of law, viz.:

"1. The parties to this cause are bound by the provisions of the Workmen's Compensation Act. The Ætna Life Insurance Company is the compensation carrier for the Spray Civic Association, Inc.

"2. L. R. Clark was employed by the Spray Civic Association, Inc., as a police officer. Technically and in law the deceased was a deputy sheriff receiving his commission from L. M. Sheffield, sheriff of Rockingham County. In actuality, however, he was nothing more or less than a police officer for the Spray Civic Association, Inc., and the said Spray Civic Association, Inc., paid to the deceased his salary for services rendered the said association as an officer of the law in the community of Spray, North Carolina.

"3. As an officer of the law, L. R. Clark suffered an injury by accident arising out of and in the course of his employment on March 10, 1938, from which he died.

"4. He leaves wholly dependent upon him for support his father, Robert R. Clark, his widow, Maggie V. Clark, and one son, Billy Randolph Clark. The son is under 18 years of age.

"5. The wages or salary paid by the Spray Civic Association, Inc., to L. R. Clark for services rendered in the capacity of a law enforcement officer was reported to the insurance carrier involved as a basis of the premium to be collected from the said Spray Civic Association, Inc., the employer in the instant case.

"6. The deceased was earning a salary of $1,200 per year.

"*Conclusions of Law:* Under the findings made the whole dependents found are entitled to compensation, share and share alike, at 60 per cent of the average weekly wage being earned by the deceased at the time of his death. The amount due the father of the deceased will be paid direct to the father as one of the whole dependents and the amount due the other two dependents, that is, the widow of the deceased and Billy Randolph Clark, minor son of the deceased, will be paid the widow for her use and the use and benefit of the said minor child. The receipts of the father and widow will acquit the employer. The dependents are also entitled to have funeral expenses, not to exceed $200.00, paid by the defendants; entitled to have all hospital and medical bills, if any incurred, paid by the defendants, when they have been approved by the Commission. Let an award issue accordingly. Let the defendants pay the costs. J. Dewey Dorsett, Commissioner."

The award was as follows: "Upon the finding that the parties are bound by the provisions of the Workmen's Compensation Act; that the Ætna Life Insurance Company is the carrier; that L. R. Clark, deceased, was an employee of the Spray Civic Association, Inc.; that L. R. Clark, deceased, suffered an injury by accident arising out of and in the course of his employment on March 10, 1938, from which he died; that he leaves wholly dependent upon him for support his father, Robert R. Clark, his widow, Maggie V. Clark, and one son, Billy Randolph Clark, a minor; that the deceased was earning a salary of $1,200 per year:

defendants will pay to Robert R. Clark and Maggie V. Clark, for the use and benefit of herself and minor child, Billy Randolph Clark, share and share alike, compensation at the rate of $13.85 for a period of 350 weeks. The amount due the father of the deceased will be paid direct to the father, and the amount due the other two dependents will be paid to the widow for her use and the use and benefit of the said minor child. Defendants will pay the hospital and medical bills, if any, when the same have been submitted to and approved by the Commission. Defendants will pay the funeral expenses not to exceed $200.00. Defendants will pay the costs. North Carolina Industrial Commission, by Buren Jurney, Chairman."

Upon review and hearing before the Full Commission, Notice of Formal Award was as follows: "Date: March 3, 1939. You, and each of you, are hereby notified that a hearing was had before the Full Commission, Raleigh, N. C., on December 5, 1938, in the above entitled case, and a decision thereupon was rendered by Commissioner Buren Jurney, Commissioner, for the Full Commission on March 3, 1939, in which an award was ordered and adjudged as follows: The Full Commission adopts as its own the Findings of Fact and Conclusions of Law in the opinion filed by Commissioner J. Dewey Dorsett in his opinion filed October 7, 1938, and directs that the award in this case be in all respects affirmed. Defendants will pay the costs. North Carolina Industrial Commission, by T. A. Wilson, Chairman. Attest: J. S. Massenburg, Secretary."

From the decision of the Full Commission, the defendants excepted, assigned error and appealed to the Superior Court. The judgment of the Superior Court is as follows: "This cause coming on to be heard before his Honor, Felix E. Alley, Judge presiding, upon appeal from the North Carolina Industrial Commission by the defendants, Spray Civic Association, Inc., and Ætna Life Insurance Company, pursuant to statute, and after a careful perusal and examination of the record and consideration of the arguments and briefs for both parties, the court finds that the findings of fact, conclusions of law and award of the North Carolina Industrial Commission are correct, and should be affirmed. It is, therefore, ordered, adjudged and decreed that said findings of fact, conclusions of law and award be in its entirety approved and affirmed. This 12 June, 1939. Felix E. Alley, Judge Presiding."

The defendants excepted and assigned error to the judgment and appealed to the Supreme Court. The law and other necessary facts will be set forth in the opinion.

*J. Hampton Price and D. Floyd Osborne for plaintiffs.*
*Sapp & Sapp for defendants.*

CLARK *v.* SHEFFIELD.

CLARKSON, J. The question involved is whether L. R. Clark received. an "injury by accident arising out of and in the course of the employ-- ment" (N. C. Code, 1935 [Michie], sec. 8081 [i] f) as an employee of the Spray Civic Association, Inc. We think so.

The defendants say in their brief: "The Spray Civic Association,. Inc., and L. M. Sheffield, as sheriff, were covered by a policy of insur-- ance issued by the Ætna Life Insurance Company protecting each against any liability under the Compensation Act. This action was instituted by the dependents of L. R. Clark, contending that he was: injured by accident arising out of and in the course of his employment. either as deputy sheriff under the sheriff, L. M. Sheffield, or for the corporation, the Spray Civic Association, Inc., of Spray, N. C. The award of the Commissioner is based upon findings of fact indicating. that the employment was by Spray Civic Association, Inc. However,. both defendants are held liable for the payment of compensation, and the Full Commission and Superior Court affirmed the findings of fact and award."

Deputies of sheriffs are not employees of sheriffs, within the meaning. of the Compensation Act. *Borders v. Cline,* 212 N. C., 472. Deputies of sheriffs are not employees of the county, nor of the sheriff, within the: meaning of Compensation Act. *Styers v. Forsyth County,* 212 N. C., 558. The above decisions were rendered by a divided Court.

The General Assembly of 1939, ch. 277, passed "An Act to Amend the N. C. Workmen's Compensation Act as to Deputy Sheriffs:" "The term 'employee' shall include deputy sheriffs and all persons acting in the capacity of deputy sheriffs, whether appointed by the sheriff or by the governing body of the county and whether serving on a fee basis or on a. salary basis, or whether deputy sheriffs serving upon a full-time basis or a part-time basis, and including deputy sheriffs appointed to serve in. an emergency, but as to those so appointed, only during the continuation of the emergency. The sheriff shall furnish to the board of county commissioners a complete list of all deputy sheriffs named or appointed by him immediately after their appointment, and notify the board of commissioners of any changes made therein promptly after such changes. are made." "And section two, subsection (c), of said act shall be amended by adding at the end of subsection (c) the following: 'The board of commissioners of each county of the State, for the purposes of this law, shall be considered as "employer" of all deputy sheriffs serving. within such county, or persons serving or performing the duties of a deputy sheriff, whether such persons are appointed by the sheriff or by the board of commissioners, and whether serving on a fee basis or salary basis. Each county is authorized to insure its compensation liability for deputy sheriffs to the same extent it is authorized to insure other

compensation liability for employees thereof.'" There are a few coun-ties exempted by the act.

The present action arose in 1938, prior to the above amendment of the Workmen's Compensation Act, therefore this amendment is not applicable here. From the decisions above quoted, before the amend-ment of 1939, we hold that the sheriff, L. M. Sheffield, is not liable.

We think the evidence sufficient to support the finding that L. R. Clark was employed by the Spray Civic Association, Inc., as a police officer. His salary was mostly paid by it. In the certificate of incorpo-ration, among other things, is the following: "(3) That the objects for which this corporation is formed are to promote and encourage civic virtue among the people of the village of Spray to aid in the develop-ment of the industrial, educational, religious, charitable, literary and social interests of that community; to collect and diffuse information concerning the resources of Rockingham County, North Carolina, par-ticularly that portion of it in and about Spray; to look after the streets, sidewalks and sanitation of the village of Spray and provide ways and means for their improvement; to provide parks and amusements for the people of Spray; *and to employ deputy sheriffs to act as police at Spray, under the provisions of existing laws."*

In the record is the following: "The Ætna Casualty and Surety Company of Hartford, Conn.—DOES HEREBY AGREE with this Employer, named and described as such in the Declarations forming a part hereof, as respects personal injuries sustained by employees, includ-ing death at any time resulting therefrom as follows," etc. The Declara-tions attached to and forming a part of the policy: "Item 1. Name of this Employer L. M. Sheffield, Sheriff, and/or Spray Civic Association, Incorporated. P. O. Address Spray, Rockingham County, North Caro-lina. Item 3. Locations: . . . Spray, Leaksville and Draper and elsewhere in Rockingham County, North Carolina. . . . It is agreed that the coverage provided in the policy to which this endorsement is attached is limited to the duties performed by those deputies of L. M. Sheffield, Sheriff, whose salaries or fees are paid by the Spray Civic Association, Inc." The premium was paid to cover the policemen "whose salaries or fees are paid by the Spray Civic Association, Inc." In serving a warrant on one Bennett, in Spray, and in the performance of duty, L. R. Clark was killed by Bennett.

In *West v. Fertilizer Co.,* 201 N. C., 556, it is held: "The findings of fact of a member of the Industrial Commission in a hearing before him under the Workmen's Compensation Act, approved by the Full Commis-sion on appeal, are conclusive upon the courts when supported by any sufficient evidence. Where there is evidence tending to show that the deceased received the injury that caused his death while on duty as a

night watchman in defendant's manufacturing plant, and that he had been robbed by his assailant when the injury was inflicted, is sufficient to sustain a finding by the Industrial Commission that the injury was received in the course of and arising out of the employment and the award for compensation by the Industrial Commission will be sustained." *Goodwin v. Bright,* 202 N. C., 481.

We see no just cause why the carrier should not pay this claim. When the contract was made and the carrier took the premium, it knew exactly its liability and distinctly agreed to compensate those whose salaries and fees were paid by the Spray Civic Association, Inc.

For the reasons given, the judgment of the court below is

Affirmed as to Spray Civic Association, Inc.

Reversed as to L. M. Sheffield, Sheriff.