SEAWELL, J., dissenting.
CLARKSON and SCHENCK, JJ., concur in dissent.
Claim for compensation under the Workmen's Compensation Act, prosecuted by plaintiff, widow of Seth L. Stallcup, deceased employee of the defendant Carolina Wood Turning Company.
It was admitted that the deceased husband of the plaintiff, Seth L. Stallcup, was an employee of the defendant Carolina Wood Turning Company; that the said defendant is bound by the provisions of the Workmen's Compensation Act and that the said employee received injuries on the early morning of 31 August, 1938, from which he died. The only question at issue before the Commission was as to whether the deceased employee met his death from an accident arising out of and in the course of his employment.
The deceased was employed as a night watchman at the defendant's plant and was charged with the general duties of a night watchman and was required to attend to the furnaces, the dry kilns, etc. His hours were from 11 o'clock p.m. to 7 o'clock a.m. He had been ordered not to allow anyone on the premises during the nighttime except certain employees who had definite designated duties. Contrary to these instructions deceased had been permitting his son to assist him in the discharge of his duties, and a few minutes prior to 4 o'clock on the morning of 31 August, 1938, he went to his home, awoke his son and directed him to come to defendant employer's plant and assist him. The son arrived at the plant about the time deceased was completing his 4 o'clock round of inspection. Deceased instructed his son to proceed to perform certain duties in connection with preparing to make the fire in the furnace and stated that he, the deceased, was going to lie down and rest and cool off. Deceased then procured a box approximately 12 to 18 inches in height and about 12 inches broad, and also a plank, which plank was about 12 inches wide and 10 or 12 feet long, which he carried to a walkway which was about 50 to 70 feet long and which was built from the main plant to the boiler room and which was about 3 feet wide and approximately *Page 304 
8 or 9 feet in height above the ground. He placed the box on the walkway, then placed one end of the plank on the box and put a raincoat thereon and then lay down on the bed or resting place thus improvised. This was about 25 minutes after 4 o'clock. Shortly before 5 o'clock his son called or aroused him and spoke to him concerning the 5 o'clock round of inspection. Deceased said he wished to make his round himself and directed his son to prepare to make a fire in the furnace; that he, the employee, would make the round and come back and help. A few minutes thereafter the son, having heard a noise, went out and found the employee lying on the ground where he had in some way fallen from the walkway. He was seriously injured and died in a few minutes as a result thereof.
The Commission found, in part, "that the deceased at the time of his death and for a period of 20 to 30 minutes prior thereto, had completely abandoned and deviated from his employment; that the acts which he performed during this period had nothing whatever to do with his employment and that the same were not to the interest nor to promote the interest of his employer, but, on the contrary, were for the personal pleasure, convenience and comfort of the deceased employee; that the creation of the box, plank and raincoat bed by the employee, consisted of an additional and dangerous hazard which had no connection whatever with the deceased's employment and that specifically the deceased Seth L. Stallcup did not meet his death from an injury resulting from an accident arising out of and in the course of his employment."
Upon these and other findings made by the Commission it entered its order denying compensation. Upon the appeal of plaintiff the court below affirmed the judgment of the Commission and the plaintiff excepted and appealed.
The findings of fact, the conclusions of law and the opinion of the Commission in this cause are commendably full, clear and concise. The facts found are supported by the evidence and warrant the conclusion that the plaintiff is not entitled to compensation under the Workmen's Compensation Act. Ch. 120, Public Laws 1929. The facts thus found, being supported by evidence, are conclusive. Lockey v. Cohen, Goldman Co., 213 N.C. 356,196 S.E. 342; Johnson v. Lumber Co., 216 N.C. 123; Baxter v. ArthurCo., 216 N.C. 276; Tindall v. Furniture Co., 216 N.C. 306; Clark v.Sheffield, 216 N.C. 375; McNeill v. Construction Co., 216 N.C. 744. *Page 305 
The parties have filed comprehensive briefs in which they discuss (citing many authorities) whether the conduct of deceased constituted a departure from and an abandonment of his employment and whether the creation of an unnecessary hazard bars recovery. The facts found by the Commission make it unnecessary for us to discuss these questions.
The accident did not occur during a rest period between the times the deceased was required to make his rounds of inspection. It happened at a time when it was his duty to be engaged actively in the boiler room cleaning out grates and increasing the head of steam in the boilers and about 10 minutes before he was to start his next round of inspection. He had delegated these duties to his son, who was then engaged in the performance thereof, and had retired to a temporary and precarious resting place of his own construction and of his own choosing. These facts, which are established by uncontradicted evidence offered by claimants and the defendants, and which are found, in substance, by the Commission do not require the conclusion, as a matter of law, that the conduct of the deceased does not constitute a deviation from or an abandonment of his employment.
The judgment below is
Affirmed.