ROSCOE WELLINGTON BELL, EMPLOYEE, v. DEWEY BROTHERS, INC., EMPLOYER, AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER.

(Filed 8 October, 1952.)

**1. Master and Servant § 40d—**

The words "in the course of" as used in the North Carolina Workmen's Compensation Act refer to the time, place, and circumstances under which the accident occurred.

**2. Master and Servant § 40c—**

The words "arising out of" as used in the North Carolina Workmen's Compensation Act relate to the origin or cause of the accident, and require that the accident arise out of the work the employee is employed to do and be incidental thereto.

**3. Master and Servant § 40a—**

>   In order to be compensable, an injury must be the result of an accident
> which arises out of and also in the course of the employment.

**4. Master and Servant § 40c—**

>   Claimant, employed as a night watchman, was injured on the employer's
> premises during his hours of duty when his trouser leg caught on the
> bumper of his car, causing him to fall, as he was washing his personal car
> for his own purposes with the implied consent of the employer. *Held:*
> There was no causal relationship between his employment and the injury,
> and therefore the injury did not arise out of the employment and is not
> compensable.

APPEAL by defendants from *Hatch, Special Judge,* March Term, 1952,
of WAYNE.    Reversed.

Claim by Roscoe Wellington Bell for compensation under the Work-
men's Compensation Act for an injury by accident alleged to have arisen
out of and in the course of his employment by Dewey Brothers, Inc.

From the evidence offered the hearing commissioner found the follow-
ing facts:

"1. That on 1 April, 1950, and for sometime prior thereto, the claimant
had been employed by the defendant employer as a nightwatchman; that
his hours of employment were from 12:30 A. M. to 6:30 A. M.; that the
duties of his employment required him to remain inside the fence sur-
rounding the employer's premises, to make regular rounds of the premises
six times during each tour of duty, to punch six key stations into his time
clock on each round, to turn off lights which might have been left burning,
to inspect various electric motors which might be operating, and to main-
tain general surveillance of the employer's premises during his hours
of duty.

"2. That on the morning of 1 April, 1950, the claimant reported to
work in his usual manner and at the usual time; that he made his first
round to all his stations just before 1 o'clock; that he then returned to the
shelter or guardhouse maintained inside the premises; that he then de-
cided to wash his personal automobile; that he drove his automobile to a
spigot located behind a store building about 50 feet from the guardhouse
and approximately the same distance from the gate inside the fence and
on the employer's premises.

"3. That it was a custom among the watchmen employed by the de-
fendant employer to wash their personal cars on the premises while on
the job; that the supervisory employees of the defendant knew of this
practice; that no specific authority therefor had ever been issued; and
that no specific instructions against so doing had ever been issued.

"4. That in undertaking to wash his car the claimant stepped up on
its rear bumper; that his trousers caught on a bumper guard; that the

claimant was not aware of this; that when he started to step off the bumper the trousers remained caught on the bumper guard and that as a result thereof the claimant fell to the ground on his left hip."

Upon these facts the hearing commissioner concluded that claimant's injury did not arise out of and in the course of his employment, and denied compensation. The full commission adopted the findings and conclusions of the hearing commissioner, and claimant appealed to the Superior Court.

On the hearing in the Superior Court the presiding Judge being of opinion, on the facts found, as a matter of law, that plaintiff's injury did arise out of and in the course of his employment, reversed the order of the Industrial Commission and adjudged the claimant entitled to compensation.

Defendants excepted and appealed to this Court.

*John S. Peacock and Scott B. Berkeley for plaintiff, appellee.*
*Broughton, Teague & Johnson for defendants, appellants.*

DEVIN, C. J. It is not controverted that the findings of fact made by the Industrial Commission in this case were supported by competent evidence, and that they are therefore binding upon the court on appeal.

From these findings it is made to appear that the claimant suffered injury at a time when he was on his employer's premises pursuant to his employment as a night watchman, and hence that his injury may be said to have arisen in the course of his employment, but the question presented for review by the appeal is whether the injury arose out of and as an incident to this employment. The Industrial Commission concluded it did not, but the judge was of contrary opinion. The defendants' appeal brings the question here.

As constituting the basis for compensation for injuries resulting from the hazards of industry the statute G.S. 97-2 (f) uses the words "injury by accident arising out of and in the course of employment." These words have been often defined by the decisions of this Court. *Hunt v. State,* 201 N.C. 707, 161 S.E. 203; *Conrad v. Foundry Co.,* 198 N.C. 723, 153 S.E. 266; *Hildebrand v. Furniture Co.,* 212 N.C. 100, 193 S.E. 294; *Stallcup v. Wood Turning Co.,* 217 N.C. 302, 7 S.E. 2d 550; *Taylor v. Wake Forest,* 228 N.C. 346, 45 S.E. 2d 387; *Withers v. Black,* 230 N.C. 428, 53 S.E. 2d 668; *Matthews v. Carolina Standard Corp.,* 232 N.C. 229, 60 S.E. 2d 93; *Berry v. Furniture Co.,* 232 N.C. 303, 60 S.E. 2d 97. The words "in the course of," as used in the statute, refer to the time, place and circumstances under which the accident occurred, while "out of" relates to its origin or cause.

"Arising out of" means arising out of the work the employee is to do, or out of the service he is to perform. The risk must be incidental to the employment. *Hunt v. State, supra; Berry v. Furniture Co., supra.*

In order to entitle the claimant to compensation the evidence must show that the injury by accident arose out of and in the course of his employment by the defendant. Both are necessary to justify an award of compensation under the Workmen's Compensation Act. *Withers v. Black, supra.*

Upon the facts found by the Industrial Commission, which are in accord with the evidence, we think the judge below was in error in his interpretation of the significance of those facts. The injury which the claimant sustained was not an accident which could be held to have resulted from a risk incident to his employment. Though he was on his employer's premises his injury occurred while he was engaged in washing his own automobile for his own purposes. While so doing he fell and suffered injury. He was engaged in an act in no way connected with the work he was employed to perform, and there appears no causal relationship between his employment as a watchman and the injury he sustained. *Beavers v. Power Co.,* 205 N.C. 34, 169 S.E. 825; *Matthews v. Carolina Standard Corp., supra.*

The court below was in error in holding on the facts found that claimant's injury arose out of and in the course of his employment.

Judgment reversed.