GERTRUDE L. CHAMPION, WIDOW AND ADMINISTRATRIX; DARLENE CHAMPION, DAUGHTER; CARL CHAMPION, SON; BETTY JEAN CHAMPION THORNBURG, DAUGHTER; AND ARBRADELLA CHAMPION BELL, DAUGHTER; LYMAN E. CHAMPION, DECEASED, v. HARDIN-DIXON TRACTOR COMPANY (EMPLOYER) AND TEXTILE INSURANCE COMPANY (CARRIER), DEFENDANTS.

(Filed 9 October, 1957.)

**Master and Servant § 55d—**

> The findings of fact of the Industrial Commission are conclusive on appeal when they are supported by competent evidence even though there be evidence that would support a finding to the contrary.

APPEAL by defendants from *Craven, Special J.,* at May 1957 Term, of CLEVELAND.

Proceeding under the North Carolina Workmen's Compensation Act to determine liability or non-liability of defendants to claimants for injury by accident resulting in death of Lyman E. Champion on 4 August, 1955.

The Deputy Commissioner, hearing the claim, upon stipulation of parties, and evidence offered by plaintiffs, made findings of fact, among others, that deceased employee sustained an injury by accident arising out of and in the course of his employment, which resulted in his death. In accordance with which the Deputy Commissioner made conclusions of law, and awarded compensation in favor of claimants. Defendants excepted thereto, and appealed to and applied for review by the Industrial Commission as a whole.

Upon such appeal and review the Commission adopted as its own the findings of fact and conclusions of law of the Deputy Commissioner, together with the award based thereon,—and affirmed his decision in all respects. Defendants excepted thereto and appealed to Superior Court, assigning error.

And upon hearing on such appeal, the presiding judge of Superior Court, being of opinion, after due deliberation, that in this proceeding (1) the findings of fact are supported by competent evidence before the Industrial Commission and are determinative of all questions at issue in the proceeding, and (2) justify the legal conclusions, decisions, and award of the Industrial Commission, and (3) that there is no merit to any of the fourteen exceptions made by defendant to the decision, opinion and .award of the Full Commission, entered judgment over-ruling each exception so made, and affirming the award in all respects.

Defendants except thereto, and appeal to Supreme Court, and assign error.

*Horn & West for Plaintiffs Appellees.*
*Kennedy, Covington, Lobdell & Hickman for Defendants Appellants.*

PER CURIAM. When there is any competent evidence to support a finding of fact by the Industrial Commission, such finding is conclusive on appeal, even though there is evidence that would support a finding to the contrary. *Watson v. Clay Co.*, 242 N.C. 763, 89 S.E. 2d 465, and cases there cited. Therefore in the light of the Commission's findings of fact, supported by competent evidence, the judgment from which this appeal is taken must be, and it is

Affirmed.