JOHN WILEY SANDY, FATHER; BERTHA MAE SANDY, MOTHER; LOU ANN SANDY, J. C. SANDY, GLENN SANDY, DOUGLASS RAY SANDY AND JEANETTE SANDY, MINOR BROTHERS AND SISTERS APPEARING BY THEIR NEXT FRIEND T. B. JOHNSON, OF WILEY JACKSON SANDY, DECEASED, EMPLOYEE v. STACKHOUSE INCORPORATED, EMPLOYER, AMERICAN MUTUAL LIABILITY INSURANCE COMPANY INSURER.

(Filed 21 November 1962.)

**1. Appeal and Error § 38—**

Ordinarily, exceptions not set out in the brief or in support of which no reason or argument is stated or authority cited will be taken as abandoned. Rule of Practice in the Supreme Court No. 28.

**2. Master and Servant § 93—**

The findings of fact by the Industrial Commission are conclusive on appeal when they are supported by competent evidence, even though there is evidence that will support a finding to the contrary.

**3. Master and Servant § 53—**

Whether an accident arises out of the employment is a mixed question of law and fact.

**4. Master and Servant § 54—**

As used in the Workmen's Compensation Act, the words "out of" refer to the cause of an accident, while the words "in the course of" refer to the time, place and circumstances under which it occurred, and in order to arise out of the employment there must be some causal relation between the employment and the accident so that the accident arises from a hazard incidental to the employment to which the workmen would not have been equally exposed apart from the employment.

**5. Same—**

Ordinarily when an employee is off duty the relationship of master and servant is suspended and therefore there is no causal relationship between the employment and an accident which happens during such time.

**6. Same—   Evidence held to support finding that injury to employee did not arise out of his employment.**

The evidence disclosed that the employee was temporarily assigned to a distant town in another state for emergency work in repairing power lines, with board and room furnished by the power company, that the employee and members of his crew were dismissed at six o'clock in the evening, with no duties to perform until six o'clock the following morning, that the employee left the motel about nine o'clock that night on a personal mission to a restaurant some quarter mile from the motel, and was hit and killed by an automobile while returning to the motel. *Held:* The evidence supports the finding of the Industrial Commission that the injury did not arise out of and in the course of employment.

APPEAL by plaintiffs from *Mallard, J.,* March regular civil term 1962 of WAKE.

This proceeding was instituted before the North Carolina Industrial Commission to recover compensation pursuant to the provisions of our Workmen's Compensation Act, alleging that the death of Wiley Jackson Sandy arose out of and in the course of his employment with the defendant employer.

It was stipulated that at the time of the accident the deceased employee and the defendant employer were subject to and bound by the provisions of the Workmen's Compensation Act and that the American Mutual Liability Insurance Company was the insurance carrier for the defendant employer; that on 2 October 1959 the deceased employee was injured by accident when he was struck by an automobile and that deceased died the same day from the injuries thus sustained.

The deceased employee was employed by the defendant employer sometime in June 1959 and was working with a line crew in and around Wake County, North Carolina. On 30 September 1959 the deceased employee was assigned to a crew in charge of Roy Lattie Moore to go to South Carolina to assist there in repairing line damage done by Hurricane Gracie; that the crew arrived in Manning, South Carolina, about three o'clock in the afternoon of 30 September 1959 and worked all through that night and the next day until six p.m. After sleeping that night, 1 October 1959, the crew went to Beaufort, South Carolina, arriving there about 2:30 p.m., 2 October 1959. The crew worked until six p.m. The power Company in South Carolina furnished and paid for rooms for the members of the crew at the Star Motel in Beaufort located on Highway No. 21, and also paid for the

meals for the members of the crew. The foreman of the crew stayed at a different motel.

On 2 October 1959 the crew quit work between six and seven o'clock in the evening. The members of the crew were dismissed until six o'clock the next morning, and the deceased did not have any duties to perform for his employer from the time he was dismissed on 2 October 1959 until six o'clock in the morning of 3 October 1959. The members of the crew were not supervised by their foreman when they were off duty at night. Around nine p.m. on the night of 2 October 1959, the deceased employee went to a drive-in restaurant about a quarter of a mile down Highway No. 21 from the motel where he was staying, to purchase a Coca-Cola for himself. He drank the Coca-Cola and then purchased twelve cans of beer to take back to the motel. While returning to the motel he was hit by an automobile and died as a result of the injuries sustained.

The hearing commissioner heard the evidence and concluded as a matter of law that the deceased employee was not injured by accident arising out of and in the course of his employment with the defendant employer. Claim for compensation was denied.

On appeal, the full commission adopted as its own the findings of fact and conclusions of law of the hearing commissioner and upheld the ruling of the hearing commissioner.

The matter was appealed to the Superior Court which, after hearing, affirmed the order of the Industrial Commission.

The plaintiffs appeal, assigning error.

*Jack Senter, Robert A. Cotton for appellants.*
*I. Weisner Farmer for appellees.*

DENNY C.J. The appellants have not brought forward in their brief nor do they discuss any of their exceptions and assignments of error. Ordinarily, exceptions in the record not set out in appellants' brief, or in support of which no reason or argument is stated or authorities cited, will be taken as abandoned. Rule 28 of the Rules of Practice in the Supreme Court, 254 N.C. at page 810.

The appellants direct their argument to the proposition that, since the deceased was taken to South Carolina for emergency duty and required to work more than his usual eight hours a day, or 40 hours per week, he was continuously on duty from the time he left North Carolina until his death; that he was subject to call at any time, and that he had no time he could call his own. The appellants concede, however, that at the time of the death of the deceased employee he was not engaged in doing any specific task for his employer, but insist

that the continuous employment doctrine applies to the facts in this case as laid down in *Walker v. Speeder Machinery Corporation*, 213 Iowa 1134, 240 N.W. 725 and in *Griffith v. Cole Bros.*, 183 Iowa 415, 165 N.W. 577, and that the plaintiffs are entitled to recover compensation.

In the case of *Walker v. Speeder Machinery Corporation, supra*, the employee was sent to various cities in the State of Ohio to do certain work for his employer and was ordered, by wire, to report at Pittsburgh, Pennsylvania, for work to be done on Monday following his arrival in Pittsburgh by train on a Sunday afternoon. The employee was in Pittsburgh for the sole purpose of doing work for his employer in connection with the erection or demonstration of some machinery which had been shipped to Pittsburgh by the employer. The employee arrived in Pittsburgh, registered at a hotel, took a nap which lasted through the ordinary time for an evening meal, and then inquired of the clerk, about nine o'clock in the evening, where he could get something to eat. He was directed to a nearby restaurant. While on his way to get his evening meal he received injuries from which he died. The deceased employee had no personal business in Pittsburgh. On these facts his widow was allowed to recover.

In *Griffith v. Cole Bros., supra*, the deceased, a worker on a bridge having finished his work for the day, while sitting in a lodging tent provided by the employer and constructed near the scene of the bridge, was killed by a stroke of lightning. The Court held it was not sufficient that the employee "was injured while in the course of his employment. It must further appear that his injury arose out of such employment." Compensation was denied.

Cases in other jurisdictions are not binding on this Court; even so, in our opinion, the factual situation in the case of *Walker v. Speeder Machinery Corporation, supra*, is distinguishable from that in the instant case, while the opinion in the case of *Griffith v. Cole Bros., supra*, supports the position of the appellees in this case.

The findings of fact of the Industrial Commission are conclusive on appeal when they are supported by competent evidence, even though there is evidence that would support a finding to the contrary. *McGinnis v. Finishing Plant*, 253 N.C. 493, 117 S.E. 2d 490; *Pitman v. Carpenter*, 247 N.C. 63, 100 S.E. 2d 231; *Champion v. Tractor Co.*, 246 N.C. 691, 99 S.E. 2d 917; *Creighton v. Snipes*, 227 N.C. 90, 40 S.E. 2d 612; *Rewis v. Insurance Co.*, 226 N.C. 325, 38 S.E. 2d 97; *Hegler v. Mills Co.*, 224 N.C. 669, 31 S.E. 2d 918.

Whether an accident arose out of the employment is a mixed question of law and fact. *Pope v. Goodson*, 249 N.C. 690, 107 S.E. 2d 524; *Hardy v. Small*, 246 N.C. 581, 99 S.E. 2d 862; *Horn v. Furni-*

*ture Co.*, 245 N.C. 173, 95 S.E. 2d 521.

The Commission found facts which clearly show that the deceased employee, although temporarily assigned to work in a distant town in another State, with board and room furnished by the power company for which the emergency work was being done, was off duty and upon a personal errand, unrelated to any duty in connection with his employment when he was struck by an automobile and killed. The facts found by the Commission are supported by competent evidence.

In the case of *Bryan v. T. A. Loving Co.*, 222 N.C. 724, 24 S.E. 2d 751, this Court said: "The Act does not contemplate compensation for every injury an employee may receive during the course of his employment but only those from accidents arising out of, as well as, in the course of employment. Where an injury cannot fairly be traced to the employment as a contributing proximate cause, or comes from a hazard to which the workman would have been equally exposed apart from the employment or from a hazard common to others, it does not arise out of the employment. *Lockey v. Cohen, Goldman & Co., supra* (213 N.C. 356, 196 S.E. 342); *Walker v. Wilkins, Inc.*, 212 N.C. 627, 194 S.E. 89; *Marsh v. Bennett College*, 212 N.C. 662, 194 S.E. 303; *Plemmons v. White's Service, Inc., supra* (213 N.C. 148, 195 S.E. 370). The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. *Lockey v. Cohen, Goldman & Co., supra.*"

The words "out of" refer to the cause of an accident, while the words "in the course of" have reference to the time, place and circumstances under which it occurred. *Bell v. Dewey Brothers, Inc.*, 236 N.C. 280, 72 S.E. 2d 680.

In *Hildebrand v. Furniture Co.*, 212 N.C. 100, 193 S.E. 294, this Court said: " 'So it has been stated as a general proposition that the phrase "out of and in the course of the employment" embraces only those accidents which happen to a servant while he is engaged in the discharge of some function or duty which he is authorized to undertake and which is calculated to further, directly or indirectly, the master's business.' "

Ordinarily, when an employee is off duty the relationship of master and servant is suspended; therefore, there is no causal relation between the employment and an accident which happens during such time. *Canter v. Bd. of Education*, 201 N.C. 836, 160 S.E. 924; *Ridout v. Rose's Stores, Inc.*, 205 N.C. 423, 171 S.E. 642; *Hildebrand v. Furniture Co., supra; Horn v. Furniture Co., supra; Alford v. Chevrolet Co.*, 246 N.C. 214, 97 S.E. 2d 869.

The judgment of the court below is
Affirmed.