Foster v. Poultry Industries

MRS. MARIETTA FROMM FOSTER, WIDOW; MRS. MARIETTA FROMM FOSTER, GUARDIAN OF THOMAS ALLEN FROMM AND MICHELLE JEANETTE FROMM, MINOR CHILDREN OF DANIEL FROMM, DECEASED v. HOLLY FARMS POULTRY INDUSTRIES, INC., AND LIBERTY MUTUAL INSURANCE COMPANY

No. 7223IC447

(Filed 28 June 1972)

1. Master and Servant § 94— workmen's compensation — findings of Industrial Commission — appellate review

The findings of fact of the Industrial Commission are conclusive on appeal only when supported by the evidence, and the appellate court may review the evidence to determine whether there is any evidence to support the findings of fact.

2. Master and Servant § 60— workmen's compensation — death of employee attending convention — personal mission

The death of a scientific director of a poultry company who was attending a convention and was shot to death during a robbery after he left the convention hotel to go get a cup of coffee at 1:00 a.m. did not arise out of and in the course of his employment by the poultry company, where the evidence shows that he was invited to the convention as a result of his accomplishments while previously employed as a university professor, that the employer would not benefit from the employee's attendance at the convention, that the employer paid expenses for the trip as a fringe benefit or gesture of good will, and that the employee was on a personal mission when he was shot.

APPEAL by defendants from the North Carolina Industrial Commission Opinion and Award dated 3 February 1972.

Plaintiff instituted this claim before the North Carolina Industrial Commission to recover benefits allegedly due under the North Carolina Workmen's Compensation Act (G.S. 97) for the death of her husband, Dr. Daniel Fromm.

Dr. Fromm was employed by defendant-employer on June 1, 1969, as a Scientific Director. He had previously been a Professor of Poultry Science at North Carolina State University. In September Dr. Fromm received a letter, dated 26 September 1969, inviting him to attend a convention of the Agricultural Research Institute to be held in Washington, D. C. on October 14 and 15. A vice president of defendant-employer, Mr. Kendrick, testified that Dr. Fromm requested permission to attend the convention. There was testimony that the Agricultural

Research Institute invitation was of an honorary nature for scientific achievements accomplished in Dr. Fromm's work at North Carolina State University. Kendrick testified that the convention had no connection with Fromm's work at Holly Farms and that Holly Farms would not benefit from Fromm's attendance at the convention. Kendrick did grant permission to attend the convention and Holly Farms was to pay his expenses. He remained on salary while at the convention. This was explained as being a fringe benefit extended to management level employees.

At the meeting Dr. Fromm encountered an associate, Dr. Kurnick, from New Jersey. They attended the first day's sessions together. They then went to a bar in the Shoreham Hotel, where the convention was being held. At about 1:00 a.m. the two men decided to get some coffee. They discovered that the Shoreham Coffee Shop was closed. A doorman directed them to an all-night coffee shop about a block from the hotel. On the way they were held up by two men and Dr. Fromm was shot. He died on December 29, 1969 of injuries resulting from the gunshot wound. Dr. Fromm remained on salary until his death and all his hospital bills were paid by defendant-employer.

The Hearing Commissioner found as a fact that, "[h]e sustained, at the time complained of, an injury by accident arising out of and in the course of his employment which resulted in his death."

The Commission concluded as a matter of law that plaintiff was entitled to recover under the Workmen's Compensation Act and benefits were awarded.

Defendants appealed to the Full Commission. On review the Full Commission adopted the Opinion and Award of the Hearing Commissioner.

From the decision of the Full North Carolina Industrial Commission, defendants appealed.

*McElwee & Hall by John E. Hall for plaintiff appellees.*

*W. G. Mitchell for defendant appellants.*

CAMPBELL, Judge.

Defendants assign as error the Findings of Fact and Conclusions of Law made by the Hearing Commissioner and

adopted by the Full Commission. It is contended that there is no evidence to support the finding of fact and conclusion of law that deceased was acting in the course of his employment at the time of the injury and that the injury arose out of the employment.

[1] The findings of fact of the Industrial Commission are conclusive on appeal only when supported by the evidence and the court, on appeal, may review the evidence to determine whether there is any evidence to support the findings of fact. *Vause v. Equipment Co.*, 233 N.C. 88, 63 S.E. 2d 173 (1951). Findings of fact not supported by the evidence may be set aside. *McRae v. Wall*, 260 N.C. 576, 133 S.E. 2d 220 (1963).

The law relating to injuries to employees while the employees are traveling has been summarized in a lucid opinion by the North Carolina Supreme Court. We believe that the rules set forth in *Lewis v. Tobacco Co.*, 260 N.C. 410, 132 S.E. 2d 877 (1963) are applicable to the case before us and we therefore refer to the following quotation from that opinion:

> "To obtain an award of compensation for an injury under the Workmen's Compensation Act it must be shown that the employee suffered a personal injury which *arose out of* and in the course of his employment. *Anderson v. Motor Co.*, 233 N.C. 372, 374, 64 S.E. 2d 265. The purpose of the act is to provide compensation benefits for industrial injuries; it is not intended to be general health and accident insurance. To be compensable the injury must spring from the employment. *Duncan v. Charlotte*, 234 N.C. 86, 66 S.E. 2d 22. An injury to an employee while he is performing acts for the benefit of third persons is not compensable unless the acts benefit the employer to an appreciable extent. It is not compensable if the acts are performed solely for the benefit or purpose of the employee or a third person. *Guest v. Iron & Metal Co.*, 241 N.C. 448, 85 S.E. 2d 596. The fact that a pleasure trip for the benefit of the employee is without expense to the employee does not entitle him to compensation for injury received while on such trip even if all or a portion of the expense is borne by the employer as a gesture of good will. *Berry v. Furniture Co.*, 232 N.C. 303, 60 S.E. 2d 97; *Hildebrand v. Furniture Co.*, 212 N.C. 100, 193 S.E. 294. Where an employee at the time of his injury is performing acts for his

own benefit, and not connected with his employment, the injury does not arise out of his employment. This is true even if the acts are performed with the consent of the employer and the employee is on the payroll at the time. *Bell v. Dewey Brothers, Inc.,* 236 N.C. 280, 72 S.E. 2d 680. If employee's acts are not connected with his employment but are for the benefit of himself and third persons at the time of his injury, he is not entitled to compensation even if he is injured while he is required by his employer to be away from his home and place of regular employment for a period of time on a mission for his employer. *Sandy v. Stackhouse, Inc.,* 258 N.C. 194, 128 S.E. 2d 218."

[2]  In the case before us the evidence is that Dr. Fromm was invited to attend the convention as a result of his accomplishments while a professor at North Carolina State University; that any benefit to be attained would inure solely to Dr. Fromm and not to defendant employer; and that defendant paid expenses for the trip as a "fringe benefit" or gesture of good will.

There is no evidence that the fatal injury arose out of or in the course of Fromm's employment nor is there any evidence that defendant-employer would have received any benefit from Fromm's attendance at the convention.

In addition to what has been said above, we point out that the evidence discloses that all of the convention activities were held in the Shoreham Hotel. When Dr. Fromm left the hotel at 1:00 a.m. to get a cup of coffee, a block from the hotel, it was purely a personal mission and in no way connected with his employment. The factual situation in the instant case is clearly distinguishable from that in *Martin v. Georgia-Pacific Corp.,* 5 N.C. App. 37, 167 S.E. 2d 790 (1969).

We are of the opinion that the evidence does not support the Findings of Fact and Conclusions of Law made by the Industrial Commission. We hold that under the evidence in this case the fatal injuries did not arise out of and in the course of Fromm's employment.

This case is remanded to the Industrial Commission for entry of an order denying compensation.

Reversed and remanded.

Chief Judge MALLARD and Judge BROCK concur.