IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-740

Filed: 7 April 2020

North Carolina Industrial Commission, No. 14-002870

JERRY MCSWAIN, Employee, Plaintiff,

v.

INDUSTRIAL COMMERCIAL SALES & SERVICE, LLC, Employer, AIG/CHARTIS CLAIMS, INC., Carrier, Defendants.

Appeal by Plaintiff from Order & Award entered 27 February 2019 by the North Carolina Industrial Commission. Heard in the Court of Appeals 4 February 2020.

> *McSwain Law Firm, LLC, by Gayla S.L. McSwain, pro hac vice, and The Bollinger Law Firm, PC, by Bobby L. Bollinger, Jr., for Plaintiff-Appellant.*
>
> *McAngus, Goudelock & Courie, PLLC, by Derek R. Wagner, for Defendants-Appellees.*

DILLON, Judge.

Plaintiff Jerry McSwain appeals from an Order and Award entered by the Full Commission denying him workers' compensation payment after he fell while traveling for work for his employer, Defendants Industrial Commission Sales & Services, LLC and AIG/Chartis Claims, Inc (altogether "Defendant").

I. Background

Plaintiff was employed by Defendant. Plaintiff claims he is due workers' compensation for injuries he sustained when he slipped and fell in the hotel he was staying at while out of town working on a project for his employer. Plaintiff fell as he walked through the lobby of the hotel to retrieve his laundry from the hotel laundry room. The facts, more particularly, are as follows:

On 12 November 2013, Plaintiff was part of a work crew who flew to California to work on a project for Defendant. The crew was scheduled to complete the job on 19 November and return on 20 November. However, they finished the project a day early, on 18 November. But changing the crew's return flights from 20 November to 19 November would have cost Defendant $2,400.00. Therefore, Defendant told the crew to keep their original schedule, giving the employees a free day in California.

During this free day, on 19 November, Plaintiff started a load of laundry in the hotel. While waiting for his laundry to finish, Plaintiff visited with other coworkers on the hotel patio consuming alcohol. When Plaintiff later walked back inside to retrieve his laundry, he slipped and fell on a wet spot in the hotel lobby.

Plaintiff filed a claim for workers' compensation for the injuries he allegedly sustained in the fall. His claim was denied by both a deputy commissioner and by the Full Commission. Plaintiff timely appealed.[1]

---

[1] We note that there have been many motions filed with our Court from both parties. Plaintiff's Petition for Writ of Certiorari and Amended Petition for Writ of Certiorari are both denied, as they wish to admit for our consideration evidence that was not considered by the deputy commissioner or the Full Commission. Defendant's motions are dismissed as moot. *See infra.*

II. Analysis

The Full Commission denied coverage essentially because "Plaintiff has failed to prove a causal relationship between walking through the hotel to check on his laundry and his employment."

Plaintiff argues that the Full Commission (1) failed to conclude that his fall did not arise out of his employment and (2) abused its discretion by refusing to consider certain medical evidence.

Defendant cross-appeals, contending that there were other grounds upon which the Commission could have also based its denial, which it failed to do.

For the reasons stated below, we conclude that the Full Commission's determination that Plaintiff's fall was not compensable was supported by the findings; that any error by the Commission in failing to consider other medical evidence that Plaintiff sought to offer was harmless; and that Defendant's arguments on cross-appeal are, therefore, moot.

A. Standard of Review

The standard of review for opinions and awards from the North Carolina Industrial Commission is "limited to [a] review[] [of] whether any competent evidence supports the Commission's findings of fact and whether the findings of fact support the Commission's conclusions of law." *Deese v. Champion Intern. Corp.*, 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000).

B. Compensability of Plaintiff's Fall

To qualify for benefits under the Workers' Compensation Act (the "Act"), an injury which occurs by accident must occur in the course of employment *and* arise out of employment. *See* N.C. Gen. Stat. § 97-2(6) (2019). As explained below, an employee is deemed to be "in the course of" his employment when he is on the job, that is, doing something which directly or indirectly benefits his employer. And an injury which occurs in the course of employment is deemed to "arise out of" his employment if his employment exposed him to an increased risk of injury.

Our Supreme Court has stated that traveling employees – that is, employees whose job requires them to stay overnight away from home – are considered acting "in the course of" their employment "during the trip, *except when a distinct departure on a personal errand is shown.*" *Brewer v. Powers Trucking*, 256 N.C. 175, 178, 123 S.E.2d 608, 610 (1962) (emphasis added) (internal quotation marks and citations omitted). While a traveling employee on a business trip is generally deemed acting "in the course" of employment during the entire trip, the employee must still establish that the injury "arose out of" employment. *Bartlett v. Duke U.*, 284 N.C. 230, 235-36, 200 S.E.2d 193, 196 (1973) (no coverage where, even conceding that the traveling employee died in the course of his employment, he had not established that his death arose out of his employment).

Whether an injury sustained by a traveling employee "arises out of" his employment depends on the facts. *See Royster v. Culp, Inc.*, 343 N.C. 279, 281, 470 S.E.2d 30, 31 (1996) ("The determination of whether an accident arises out of . . . employment is a mixed question of law and fact[.]"). Our Supreme Court has instructed that an injury arises out of employment when the injury "is a natural and probable consequence or incident of the employment and a natural result of one of its risks[.]" *Perry v. American Bakeries Co.*, 262 N.C. 272, 274, 136 S.E.2d 643, 645 (1964). And "[t]he causative danger . . . must be incidental to the character of the business and not independent of the [employment relationship]. *Bartlett*, 284 N.C. at 233, 200 S.E.2d at 195. However, for an injury to be covered, the risk "need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment[.]" *Id.* at 233, 200 S.E.2d at 195.

Here, the Commission determined that the injury sustained by Plaintiff, working as a traveling employee, was non-compensable.

The line between compensability and non-compensability is nuanced, but is sufficiently defined to resolve this case, as illustrated by the cases below.

Our Court has stated that when an off-duty, traveling employee is injured <u>while traveling to a restaurant from the hotel to eat a meal</u>, that injury generally <u>is compensable</u>. *Martin v. Georgia-Pacific Corp.*, 5 N.C. App. 37, 42, 167 S.E.2d 790,

793 (1969). This is because the risk was from traveling to eat, a risk that arose from being away from home. *Id.*

However, our Supreme Court has held that injury to an off-duty, traveling employee who chokes on food while eating that restaurant meal is generally not compensable. *Bartlett*, 284 N.C. at 234-35, 200 S.E.2d at 195-96. This is because eating at a restaurant away from home did not increase the risk that the employee would choke on his meal. *Id.* at 234-35, 200 S.E.2d at 195-96.

Our Court has held that injuries sustained by an off-duty, traveling employee who was robbed while getting ice from the hotel ice machine *to make lunch* for the next day generally is compensable. *Ramsey v. N.C. Indus.*, 178 N.C. App. 25, 630 S.E.2d 681 (2006). This is because the hotel created an "increased risk" of robbery that the employee would not have faced had he been in his own kitchen preparing his lunch for the next day. *Id.* at 38-39, 630 S.E.2d at 690 (identifying the issue of "whether the risk of assault at the motel was a hazard of the journey [that is,] a risk peculiar to traveling").

However, our Supreme Court has held that injuries sustained by an off-duty, traveling employee in a traffic accident while returning to the hotel from purchasing soft drinks and beer (but not a meal) is not compensable. *Sandy v. Stackhouse, Inc.*, 258 N.C. 194, 128 S.E.2d 218 (1962). This is because the trip, unlike traveling to get

a meal, was deemed a personal errand that did not "directly or indirectly [further] his master's business." *Id.* at 198, 128 S.E.2d at 221.

And our Supreme Court has held that an injury sustained by a traveling employee while using the hotel's pool is generally not compensable. *Perry v. American Bakeries Co.*, 262 N.C. 272, 136 S.E.2d 643 (1964). The Court reasoned that

> [t]he fact that plaintiff was required to be temporarily in a distant city with expenses paid by his employer is not a controlling factor [but rather] whether his use of the pool was an authorized activity calculated to further, directly or indirectly, his employer's business [or whether] the accident resulted from the risk involved in the employment.

*Id.* at 274, 136 S.E.2d at 646.

Plaintiff points to some cases which are instructive. For example, Plaintiff cites *Martin*, *supra*, in which we held that an off-duty, traveling employee who goes on a personal errand to sightsee but then was injured when he began walking to a restaurant to eat a meal was covered, concluding that he "had abandoned this personal sight-seeing mission" and was back within the scope of his employment when he went to get a meal. *Martin*, 5 N.C. App. at 43, 167 S.E.2d at 794.

Plaintiff also points to a case in which our Court held that an off-duty, traveling employee is injured within the confines of the employer's road project and while returning to his sleeping quarters is covered, even though he was traveling back from a softball game involving the employees. *See Chandler v. Nello L. Teer Co.*, 53 N.C.

App. 766, 281 S.E.2d 718 (1981) (employee injured while traveling from a meal back to the hotel, but detouring to set up a softball game).

And Plaintiff cites to a case in which we held that an off-duty, traveling employee who is injured while returning to his hotel from an evening meal is still covered, even though he stayed at the restaurant past his meal to drink alcohol and watch a ballgame (where there was no allegation that the injury was due to intoxication). *Cauble v. Soft-Play, Inc.*, 124 N.C. App. 526, 529-30, 477 S.E.2d 678, 680 (1996).

Though not a case involving a traveling employee, we note our Supreme Court's decision in which that Court held that a night watchman who is injured while washing his own car while on the job on his employer's worksite was not covered. *Bell v. Dewey Bros., Inc.*, 236 N.C. 280, 283, 72 S.E.2d 680, 682 (1952). The Court reasoned that the employee "was engaged in an act in no way connected with the work he was employed to perform, and there appears no causal relationship between his employment as a watchman and the injury he sustained." *Id.* at 283, 72 S.E.2d at 682.

Here, the Commission found that Plaintiff was injured while retrieving his laundry that he was washing. Based on the findings made by the Commission and based on our jurisprudence, we must affirm the Commission's determination.

The fact that Plaintiff fell on the hotel premises does not, in and of itself,

necessitate reversal. Indeed, our Supreme Court held that the employee in *Perry*, *supra*, who was injured in the hotel's swimming pool was not covered, as his swimming was not "calculated to further, directly or indirectly, the employer's business." *Perry*, 262 N.C. at 274, 136 S.E.2d at 645.

As illustrated above, a traveling employee while going to and from a restaurant to eat or to his hotel room to sleep is generally covered, because an employee has to eat meals and sleep in order to function for his employer on the trip. *See Martin*, 5 N.C. App. at 42, 167 S.E.2d at 793 (stating that traveling employees are covered where the injury "has its origin in a risk created by the necessity of sleeping and eating away from home").

Unlike eating and sleeping, washing laundry is not always necessary for an off duty, traveling employee. For this reason, Plaintiff's claim here is distinguishable from *Ramsey*, in which the claimant had to prepare and pack his lunch for the following workday, and similar cases. Unlike the claimant in *Ramsey*, Plaintiff was not injured while attending to personal needs that *had to be met* (e.g., eating a meal) before his traveling duties for his employer were completed. The Commission made no finding to suggest that the act by Plaintiff of doing his laundry was necessary to further, directly or indirectly, the business of his employer. There was no finding, much less evidence to support a finding, that Plaintiff had run out of clean clothes to necessitate a need to laundry to provide clean clothes during the remainder of the

business trip. Accordingly, we conclude that the findings made by the Commission are more in line with those in *Perry*, where the employee was swimming in the hotel pool, and *Bell*, where the night watchman was injured on the worksite while washing his own car. In each of those cases, our Supreme Court held that there was no coverage because there was no showing that the employee was engaged in an act calculated to further, directly or indirectly, his employer's business.

## C. New Evidence

Plaintiff claims that the Full Commission abused its discretion when it excluded certain medical records concerning his injuries and treatment, evidence that he did not offer in the hearing before the deputy commissioner.

Whether the Commission considers new evidence is a matter within its sound discretion. *Hall v. Thomason Chevrolet, Inc.*, 263 N.C. 569, 577-78, 139 S.E.2d 857, 862-63 (1965).

The statute governing new evidence to be heard by the Full Commission states: "the full Commission shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representative, and if proper, amend the award[.]" N.C. Gen. Stat. § 97-85. However, it has been held that "the duty to receive further evidence, in addition to reviewing the award, applies only if good ground therefor be shown." *Tindall v. American Furniture Co.*, 216 N.C. 306, 311, 4 S.E.2d 894, 897 (1939).

The Commission found that Plaintiff made no effort to have these documents admitted to the record before the Deputy Commissioner and that "Plaintiff did not produce any reason for not producing the evidence while the matter was before the Deputy Commissioner."

Assuming there was an abuse of discretion, we see no prejudice in the exclusion of the medical records, based on our determination that the accident which caused Plaintiff's injuries is not covered under the Act.

## D. Defendant's Cross-Appeal

Defendant argues that the Commission erred by not ruling on whether Plaintiff's claim was barred on an alternate theory, namely due to his intoxication causing the fall. "No compensation shall be payable if the injury or death to the employee was proximately caused by: (1) His intoxication, provided the intoxicant was not supplied by the employer or his agent in a supervisory capacity to the employee." N.C. Gen. Stat. § 97-12.

Defendants also argue that the Commission erred as a matter of fact and law in failing to find that Plaintiff did not carry his burden of proving a causal link between his all and his injury.

Based on our conclusion that Plaintiff's fall did not occur within the scope of his employment, these additional issues raised by Defendant are moot. Defendant's cross-appeal is, therefore, dismissed.

III. Conclusion

The Commission did not err by concluding that Plaintiff's injuries are not compensable under the Act. The Commission did not abuse its discretion in excluding evidence that was not admitted or introduced in the hearing with the Deputy Commissioner. We dismiss Defendant's cross-appeal as moot.

AFFIRMED.

Judges BRYANT and INMAN concur.