RUTH K. LEWIS, WIDOW AND NEXT FRIEND OF MICHAEL RAY LEWIS; JAMES ELBERT LEWIS, ALPHONSO M. LEWIS, CHILDREN, AND MARY LOUISE LEWIS, CHILD, BY HER NEXT FRIEND, DORA TILLERY; ELBERT LEWIS, DECEASED, EMPLOYEE, v. W. B. LEA TOBACCO COMPANY, INC., EMPLOYER; FIDELITY & CASUALTY COMPANY OF NEW YORK, CARRIER.

(Filed 30 October 1963.)

**1. Master and Servant § 53—**

The Workman's Compensation Act is not intended to provide general health and accident insurance but to provide compensation only for such injuries to employees which arise out of and in the course of their employment.

**2. Master and Servant § 54—**

In order to arise out of the employment an injury must spring from the employment, and an injury by accident occurring while the employee is performing acts solely for his own benefit or the benefit of a third person, without any appreciable benefit to the employer, does not arise out of the employment.

**3. Master and Servant § 58—**

The fact that an employee continues to receive his pay while on an all expense paid pleasure trip does not entitle him to compensation for injuries received while on such trip if the trip is solely for his own benefit or that of a third person.

**4. Same—**

Evidence that an employee customarily acted as chauffer, cook and valet to an official of the company on the official's trips to his cottage at a resort and that while on such trip he went on a hunting trip with the official's sons and was fatally injured in an automobile accident occurring while he was riding on the back seat of the car owned and operated by one of the sons, *held* insufficient to support a finding that the accident arose out of the employment, the official merely consenting that the employee go on the hunting trip at the request of one of the sons, and the employee not being sent on the trip for the purpose of supervision or protection.

APPEAL by defendants from *Cowper, J.,* January 1963 Regular Civil Session of NASH.

This is a proceeding under the Workmen's Compensation Act.

Elbert Lewis, an employee of W. B. Lea Tobacco Company, Inc., died on 28 November 1959 as a result of injuries received in an automobile accident.

Lewis had been employed by the Tobacco Company for more than ten years. His primary job was to operate a fork lift truck at the Company's place of business at Rocky Mount, North Carolina. About one-fourth of the time he served as chauffeur and utility man for the Com-

pany and its executives. In November 1959 Thomas E. Taylor, office manager for the Tobacco Company, owned a cottage at Kill Devil Hills in Dare County which he had purchased from the Company about a year before. From 1951 until the death of Lewis in 1959 the Company had, on the occasions of Taylor's trips to the cottage at Kill Devil Hills, furnished Lewis as chauffeur, cook and valet for Taylor. Lewis made 15 to 20 trips a year to Kill Devil Hills with Taylor. His services on these occasions was an additional compensation to Taylor from the Company. The Company paid Lewis for an 8-hour day each day he was away from Rocky Mount acting in said capacity for Taylor. On 26 November 1959 Lewis drove Taylor to Kill Devil Hills in a Cadillac belonging to the Company. Lewis was acting pursuant to instructions from his immediate superior, Sterling C. Harris, factory superintendent for the Company. Two sons of Taylor drove to Kill Devil Hills in an automobile belonging to the elder son, Oscar Taylor, who was 21 years old. Taylor and his sons were on a pleasure trip which had no connection with the business of the Tobacco Company. On Saturday morning, 28 November 1959, Lewis and Taylor's sons went on a hunting trip to Engelhard in Oscar Taylor's car. Thomas E. Taylor did not accompany them. His younger son asked him to let Lewis go hunting with them. Lewis went because the son wanted him to go along. The boys knew more about hunting than Lewis did. If Lewis had not gone Taylor would have trusted his sons to go by themselves. Lewis used Taylor's hunting equipment on this occasion. On the return trip to Kill Devil Hills they were involved in an automobile accident and Lewis and the two sons were killed. Oscar Taylor drove the car at all times on this trip. Lewis was in the rear seat.

Dependents of Lewis filed a claim for compensation. The matter was heard by Deputy Commissioner Thomas. He denied compensation. On appeal the full Commission found that Lewis' death resulted from an accident which arose out of and in the course of his employment, and awarded compensation. The superior court affirmed and defendants appeal.

*Teague, Johnson and Patterson by Grady S. Patterson, Jr., for defendants, appellants.*

*No counsel contra.*

MOORE, J.  The employee, Elbert Lewis, under orders from his employer, Tobacco Company, served as chauffeur, cook and valet for Thomas E. Taylor, office manager for the Tobacco Company, while the latter was on vacation at Nags Head for his own personal pleasure

and on no business for the Company. For the purposes of this appeal we assume, but do not decide, that such services to Taylor were performed in the course of Lewis' employment by the Tobacco Company, within the meaning of the Workmen's Compensation Act. Even so, it is our opinion that there is no competent evidence to support the Industrial Commission's finding that the fatal injury to Lewis arose out of his employment.

To obtain an award of compensation for an injury under the Workmen's Compensation Act it must be shown that the employee suffered a personal injury which *arose out of* and *in the course of* his employment. *Anderson v. Motor Co.*, 233 N.C. 372, 374, 64 S.E. 2d 265. The purpose of the act is to provide compensation benefits for industrial injuries; it is not intended to be general health and accident insurance. To be compensable the injury must spring from the employment. *Duncan v. Charlotte*, 234 N.C. 86, 66 S.E. 2d 22. An injury to an employee while he is performing acts for the benefit of third persons is not compensable unless the acts benefit the employer to an appreciable extent. It is not compensable if the acts are performed solely for the benefit or purpose of the employee or a third person. *Guest v. Iron & Metal Co.*, 241 N.C. 448, 85 S.E. 2d 596. The fact that a pleasure trip for the benefit of the employee is without expense to the employee does not entitle him to compensation for injury received while on such trip even if all or a portion of the expense is borne by the employer as a gesture of good will. *Berry v. Furniture Co.*, 232 N.C. 303, 60 S.E. 2d 97; *Hildebrand v. Furniture Co.*, 212 N.C. 100, 193 S.E. 294. Where an employee at the time of his injury is performing acts for his own benefit, and not connected with his employment, the injury does not arise out of his employment. This is true even if the acts are performed with the consent of the employer and the employee is on the payroll at the time. *Bell v. Dewey Brothers, Inc.*, 236 N.C. 280, 72 S.E. 2d 680. If employee's acts are not connected with his employment but are for the benefit of himself and third persons at the time of his injury, he is not entitled to compensation even if he is injured while he is required by his employer to be away from his home and place of regular employment for a period of time on a mission for his employer. *Sandy v. Stackhouse, Inc.*, 258 N.C. 194, 128 S.E. 2d 218.

Lewis was not serving Taylor as chauffeur, cook or valet at the time of the accident which produced his fatal injury. He was on a hunting trip for his own pleasure and the pleasure of Taylor's sons. He was not ordered by Taylor to go hunting. He went because the younger son "wanted him to go with them." Taylor gave his consent. Lewis "didn't go along to teach them (Taylor's sons) how to hunt

. . . the boys knew more about hunting than Elbert (Lewis.)." Taylor would have trusted his sons to go without Lewis. On the trip Lewis rode in the elder son's car. He did not operate the car; he was in the rear seat. He was not furnished as chauffeur, cook or valet for Taylor's sons. They were not agents of the Tobacco Company and had no connection with it. Taylor did not accompany Lewis and the boys on the trip. The hunting trip was no part of Lewis' employment.

It is true that Taylor consented for Lewis to go with his sons and furnished him a gun and other equipment for hunting. Lewis was on the payroll of the Tobacco Company for the day, and he was at Nags Head on orders of his employer. But, as stated above, these facts are not controlling and do not render the injury compensable. *Sandy v. Stackhouse, Inc., supra; Bell v. Dewey Brothers, Inc., supra; Berry v. Furniture Co., supra.* There was no causal connection between the accident and the employment; the accident was not a result of a risk involved in his employment.

The judgment below is
Reversed.