Bergan, J.
While attending a party for salesmen given by the employer to observe the end of a sales contest, claimant’s husband became ill during a strenuous dance with claimant, who was also employer’s guest. Later that night, after he had gone home, he died.
There is competent medical opinion in the record that the physical effort in the dance induced a coronary occlusion and had an accidental and causal relationship with the death.
The employer’s dinner had been announced to all salesmen by the sales manager and all salesmen, including the decedent, were expected to attend it. The entire expense was borne by the employer and the executive personnel of the employer were all present. Such an event, initiated and sponsored by an employer for employees and intended to promote salesman motivation to sell automobiles, is deemed to be part of the employment (Matter of Tedesco v. General Elec. Co., 305 N. Y. 544; Matter of Wilson v. General Motors Corp., 298 N. Y. 468; Matter of Kenney v. Lord & Taylor, 227 App. Div. 831, affd. 254 N. Y. 532).
Symptoms of decedent’s illness as observed immediately after the dance, itself described as “vigorous” and “ strenuous ”, were that he “ was white ” and “ wasn’t talking very much and wishing he could go home ” and his walk was unsteady.
*244 Although decedent drove his car home and drove a baby-sitter to her home, an acute heart attack began at his home about 2:10 a.m. and he died within a short time thereafter. A cardiologist testified to an opinion that decedent suffered a coronary occlusion and myocardial infarction as a result of the strenuous dance earlier in the night. Thus, the proof falls within permissive limits of accidental attribution (Matter of Masse v. Robinson Co., 301 N. Y. 34; Matter of Burris v. Lewis, 2 N Y 2d 323; Matter of Woodworth v. County of Onondaga, 20 A D 2d 945, mot. for lv. to app. den. 14 N Y 2d 489).
To the argument relevant to those facts, appellant adds an additional ground for reversal—an asserted claim that decedent ‘ ‘ Attempted sexual intercourse which he interrupted because he ‘ felt sick ’ ’ ’.
In cross-examining the widow on the events of this night, appellants’ counsel asked a question which he described as “ a difficult experience for you”, i.e., whether after decedent got home he engaged in sexual intercourse. To this, the witness answered a categorical “No.” He then asked the question did “you” attempt it. To this, the answer was a categorical “ Yes ”, and she added: “ He said ‘ I can’t ’. He turned over and said ‘ I feel sick ’ and had to get up. ’ ’
This is the entire factual basis of appellants ’ argument on this point. Nothing is shown as to what the actual physical occurrence constituting the “ attempt ” was. Appellants had opened up this subject. If they intended to show the existence of exertion they were not prevented from showing it if there had been any. They abandoned the inquiry without showing any actual fact on which the board could base a finding; and the finding of the board on the general fact issue has gone against them.
The order should be affirmed, with costs.