Burton v. Insurance Co.

MRS. PATRICIA ANN AUSTIN BURTON, INDIVIDUALLY AS WIDOW AND
    NEXT FRIEND OF GARY LEE AUSTIN, DONNA LYNN AUSTIN,
    AND CYNTHIA ANN AUSTIN, MINOR CHILDREN, COLAN O. AUS-
    TIN, DECEASED v. AMERICAN NATIONAL INSURANCE COM-
    PANY AND CONTINENTAL CASUALTY COMPANY

No. 7118IC80

(Filed 24 February 1971)

Master and Servant § 60— workmen's compensation — death by drowning —
    fishing trip awarded as prize by district manager

    Death of an insurance company debit agent by drowning while on
    a fishing trip awarded as a prize by the district manager and his
    assistant to debit agents who had a $25 combined increase for a speci-
    fied period did not arise out of and in the course of the agent's employ-
    ment.

APPEAL by defendants from Full North Carolina Industrial
Commission Opinion and Award of 25 August 1970.

This is a proceeding under the North Carolina Workmen's
Compensation Act, N. C. Gen. Stat. 97-1 *et seq.*, to recover com-
pensation for the death of Colan O. Austin. American National
Insurance Company is the defendant employer, and the carrier
is Continental Casualty Company.

On 26 March 1969, Colan O. Austin was employed as a
debit agent by the American National Insurance Company in
Greensboro and worked out of the Greensboro office. In Decem-
ber of 1968 C. H. Jordan, district manager of the Greensboro
office, and Lester Pleasants, the assistant district manager, de-
cided to run a contest and to award a prize to each debit agent
who had a twenty-five dollar combined increase for the period
beginning 1 January 1969 and lasting until approximately 21
March 1969. Jordan and Pleasants held a meeting with the
agents to determine what the agents would like to do if they
had the specified increase. Since a number of the agents who
worked in that office were fishermen, the group agreed by a
majority vote that the prize would be a fishing trip. If one of
the men who qualified did not want to go fishing, he did not
have to go. Jordan and Pleasants planned to pay for this trip,
including lodging and some of the food and excluding transpor-
tation and fishing equipment. The cost to both men was to be
fifty dollars to which sum each contributed twenty-five dollars.
At the end of this planned sales period, three of the eight

salesmen in the Greensboro office qualified—Vern Leonard, Ronald Dillingham and Colan O. Austin. Under the rules devised by Jordan and Pleasants, the manager and the assistant manager were also eligible to go.

Dillingham, Austin, Leonard, and Jordan left the Greensboro office about 10:00 a.m. Wednesday, 26 March 1969. Lester Pleasants decided on Wednesday morning not to go because he was not feeling well. Jordan left the Greensboro office in his car to which his boat was attached. Vernon Leonard rode with him. Austin and Dillingham left High Point in Dillingham's car about the same time. In South Carolina, the group stayed at Black's Fish Camp on Santee Cooper, one part of Lake Marion. The group arrived at Black's Fish Camp around 3 or 4 p.m. and checked into the lodge where all of them stayed in the same room. On Thursday morning, all of them went fishing in Jordan's boat. They returned from the lake about 5 or 6 o'clock that evening and went to dinner in Jordan's car. On Friday morning Ronald Dillingham's cousin came by; he and Dillingham rented a boat and went fishing all of Friday morning and came in around lunch time. After lunch, Ronald Dillingham and his cousin went fishing by themselves, and Friday afternoon was the last time that Ronald Dillingham saw Colan Austin alive. At that time it was approximately 2:30 in the afternoon and Austin, Jordan and Leonard were on the dock at Black's Fish Camp preparing to go fishing and they were going to use Jordan's boat. When Ronald Dillingham returned to Black's Fish Camp at approximately 7:30 p.m., there was no sign of the Jordan boat. Dillingham first learned that there had been a sinking of the Jordan boat on Saturday, at approximately 9 or 9:30 a.m. when he received a report that a boat had been found, which he later identified as being that of Jordan; he later identified two bodies which had been found floating in the lake, those of Jordan and Leonard. The body of Colan O. Austin was found in the lake eleven days later.

Subsequent to the death of Colan O. Austin, a claim was filed for death benefits pursuant to the North Carolina Workmen's Compensation Act. The matter was heard before Deputy Commissioner A. E. Leake at High Point, and an Opinion and Award was filed 16 December 1969 allowing compensation. The defendants appealed to the Full Commission which affirmed the Opinion and Award on 25 August 1970. From the Opinion and

Award of the Full Commission defendants appealed to this Court.

*Morgan, Byerly, Post and Herring by William L. Johnson, Jr. for plaintiff appellee.*

*Perry C. Henson and Thomas C. Duncan for defendant appellants.*

VAUGHN, Judge.

Defendants bring forth numerous assignments of error on appeal, but because of our disposition of the case, we need deal with only one of them. Defendants contend that the accident did not arise out of and in the course of the employment. "[U]nder the North Carolina Workmen's Compensation Act, Chapter 97 of the General Statutes, the condition antecedent to compensation is the occurrence of an injury (1) by accident (2) arising out of and (3) in the course of employment." *Berry v. Furniture Co.*, 232 N.C. 303, 60 S.E. 2d 97.

Did the drowning of Colan O. Austin while on a fishing trip arise out of and in the course of his employment? Guidelines for determining that question are found in *Lewis v. Tobacco Co.*, 260 N.C. 410, 132 S.E. 2d 877:

" . . . To be compensable the injury must spring from the employment. *Duncan v. Charlotte*, 234 N.C. 86, 66 S.E. 2d 22. An injury to an employee while he is performing acts for the benefit of third persons is not compensable unless the acts benefit the employer to an appreciable extent. It is not compensable if the acts are performed solely for the benefit or purpose of the employee or third person. *Guest v. Iron & Metal Co.*, 241 N.C. 448, 85 S.E. 2d 596. The fact that a pleasure trip for the benefit of the employee is without expense to the employee does not entitle him to compensation for injury received while on such trip even if all or a portion of the expense is borne by the employer as a gesture of good will. *Berry v. Furniture Co.*, 232 N.C. 303, 60 S.E. 2d 97; *Hildebrand v. Furniture Co.*, 212 N.C. 100, 193 S.E. 294. Where an employee at the time of his injury is performing acts for his own benefit, and not connected with his employment, the injury does not arise out of his employment. This is true even if the acts are

performed with the consent of the employer and the employee is on the payroll at the time. *Bell v. Dewey Brothers, Inc.,* 236 N.C. 280, 72 S.E. 2d 680. If employee's acts are not connected with his employment but are for the benefit of himself and third persons at the time of his injury, he is not entitled to compensation even if he is injured while he is required by his employer to be away from his home and place of regular employment for a period of time on a mission for his employer. *Sandy v. Stackhouse, Inc.,* 258 N.C. 194, 128 S.E. 2d 218."

In *Lewis,* the employee was a chauffeur and valet who was paid to drive the defendant's office manager to a beach cottage and to perform other services while at the cottage. Lewis was killed while returning from a hunting trip on which his supervisor did not go, but gave him permission to go. At the time of his injury, Lewis was not performing acts connected with his employment, but performing acts for the benefit of himself. In the present case, Austin was not performing acts connected with his employment, nor did his employment require him to go fishing. He was fishing for his own pleasure at the time of his death. *Perry v. Bakeries Co.,* 262 N.C. 272, 136 S.E. 2d 643, is another case in point. In that case, a route salesman was directed to attend a sales meeting in Greensboro. All of his expenses, including the room at the inn where the meetings were held, were paid. After attending a social hour sponsored by the employer, some of the employees, including claimant, decided to go swimming in a pool provided by the inn. Claimant was injured while diving. The Court reversed an allowance of an award under the Act, saying, "Where, as a matter of good will, an employer at his own expense provides an occasion for recreation or an outing for his employees and invites them to participate, but does not require them to do so, and an employee is injured while engaged in the activities incident thereto, such injury does not arise out of the employment." We hold that the injuries did not arise out of and in the course of Austin's employment.

This cause is remanded to the Industrial Commission for the entry of an order denying compensation.

Reversed and remanded.

Judges BROCK and MORRIS concur.