DORIS S. MARTIN, EMPLOYEE-PLAINTIFF v. MARS MANUFACTURING COMPANY, INC., EMPLOYER-DEFENDANT, CNA INSURANCE COMPANY, CARRIER-DEFENDANT

No. 8110IC837

(Filed 3 August 1982)

Master and Servant § 60.4— injury at Christmas party—compensable as arising out of and in course of employment

The Industrial Commission correctly ordered an award of workers' compensation to plaintiff for an injury to her ankle sustained while dancing at a Christmas party sponsored by defendant-employer for its employees since (1) the event was clearly employer-sponsored, (2) employees were encouraged to attend, *inter alia*, by being paid to attend, and plaintiff had maintained a known custom of attending, (3) the employer paid all the expenses of the event, and (4) the employer benefited from the event through such tangible advantages as having an opportunity to make speeches and present awards. Such evidence established a sufficient nexus between claimant's injury and her employment to permit the award of compensation as arising out of and in the course of her employment.

APPEAL by defendants from opinion and award of the North Carolina Industrial Commission filed 9 March 1981. Heard in the Court of Appeals 1 April 1982.

Defendants appeal from an award of workers' compensation to claimant for an injury to her ankle sustained while dancing at a Christmas party sponsored by defendant-employer for its employees.

*Lentz, Ball & Kelley, P.A., by Ervin L. Ball, Jr., for plaintiff appellee.*

*Harrell & Leake, by Larry Leake, for defendant appellants.*

WHICHARD, Judge.

On 21 December 1979 defendant-employer sponsored, and paid all the expenses of, a Christmas party for its employees. The party was held at a Moose Lodge near the business premises.

Personnel office employees posted notices at the plant regarding the party. All employees were invited and encouraged to attend. Attendance was voluntary, however, and no attendance records were kept.

Wages were paid for the time employees spent at the party. Employees who did not attend were also compensated and were not required to work in lieu of attendance. The party was an annual event which the majority of the employees usually attended.

The plant manager considered the party an employee fringe benefit, a definite purpose of which was to improve employer-employee relations. He made a twenty to thirty minute speech at the party, in which he praised the employees for their work and presented service awards.

Claimant had worked for defendant-employer for seven years. During that time she had attended all but one of these annual parties. While dancing at the 21 December 1979 party, claimant turned her ankle and fell on it. The injury sustained therefrom required surgery and resulted in permanent partial disability of the right foot.

Defendants' primary contention is that claimant's injury did not arise "out of and in the course of the employment." G.S. 97-2(6). In *Chilton v. School of Medicine*, 45 N.C. App. 13, 262 S.E. 2d 347 (1980), this Court approved and adopted the Larson method of analysis for determining whether employee injuries incurred at employer-sponsored recreational and social activities arise out of and in the course of the employment. Applying that method of analysis to the facts here, we uphold claimant's award.

In *Chilton*, 45 N.C. App. at 15, 262 S.E. 2d at 348, the Court stated:

Several questions should be considered in determining whether compensation will be awarded:

(1) Did the employer in fact sponsor the event?

(2) To what extent was attendance really voluntary?

(3) Was there some degree of encouragement to attend evidenced by such factors as:

a. taking a record of attendance;

   b. paying for the time spent;

   c. requiring the employee to work if he did not attend; or

   d. maintaining a known custom of attending?

(4) Did the employer finance the occasion to a substantial extent?

(5) Did the employees regard it as an employment benefit to which they were entitled as of right?

(6) Did the employer benefit from the event, not merely in a vague way through better morale and good will, but through such tangible advantages as having an opportunity to make speeches and awards?

The questions were quoted from 1A Larson, *Workmen's Compensation Law* § 22.23, p. 5-85 &-86.

None of these questions could be answered affirmatively in *Chilton.*[1] This Court consequently reversed the award of compensation. Here, by contrast, uncontradicted evidence establishes affirmative answers to four of the six questions.

The event was clearly employer-sponsored (question (1), *supra*). Employees were encouraged to attend, *inter alia,* by being paid for the time spent; and claimant had attended all but one of these annual events in her seven years of employment with defendant-employer, thus "maintaining a known custom of attending" (question (3), *supra*). The employer paid all the expenses of the event (question (4), *supra*). Finally, the employer benefited from the event through such tangible advantages as having an opportunity to make speeches and present awards (question (6), *supra*).

Larson further states:

[W]hen the employer plans a regular outing and urges his employees to go to a specified place for the purpose, continuing their pay while there, it may be said that both the time and space limits of the employment are expanded to [party-

---

1. The record established that the employer paid *some* of the expense of the occasion, but not that it "finance[d] the occasion to a substantial extent." (Question 4, *supra.*)

> day] at the [party-place]. When to all this is added evidence that the employer is deriving benefit from the outing, the combination should easily suffice to bring it within the scope of employment.

Larson, *supra*, § 22.23, at p. 5-91. *See also, e.g., Kelly v. Hackensack Water Co.,* 23 N.J. Super. 88, 92 A. 2d 506 (1952), *affirming* 10 N.J. Super. 528, 77 A. 2d 467 (1950) (employee died from fall while on company picnic; evidence showed employer used occasion for speeches and awards; compensation awarded; lower court "perceive[d] that a wholesome contribution to a sound employer-employee relationship resulted from the outing"); *Chorley v. Koerner Ford, Inc.,* 19 N.Y. 2d 242, 225 N.E. 2d 737, 279 N.Y.S. 2d 4 (1967) (medical evidence indicated fatal coronary occlusion resulted from decedent's strenuous dancing at employer-sponsored party; death benefits awarded); *Kenney v. Lord & Taylor, Inc.,* 254 N.Y. 532, 173 N.E. 853 (1930) (claimant, while dancing after employer-sponsored dinner, fell and fractured wrist; award of compensation affirmed); *Fagan v. Albany Evening Union Co.,* 261 A.D. 861, 24 N.Y.S. 2d 779 (1941) (newspaper carrier drowned at employer-sponsored picnic; award of compensation affirmed; court stated, "It is obvious that the picnic was one of the activities maintained by the employer for the purpose of developing better service and greater interest on the part of the newspaper carriers and for its own ultimate benefit.").

Pursuant to the foregoing method of analysis approved and adopted by this Court in *Chilton, supra,* and to the well-established principle that the Workers' Compensation Act should be liberally construed to effectuate its purpose to provide compensation for injured employees, and its benefits should not be denied by a technical, narrow, and strict construction, *Hinson v. Creech,* 286 N.C. 156, 161, 209 S.E. 2d 471, 475 (1974); *Pennington v. Flame Refractories, Inc.,* 53 N.C. App. 584, 588, 281 S.E. 2d 463, 466 (1981), we hold that the evidence here established a sufficient nexus between claimant's injury and her employment to permit the award of compensation. Defendants' assignments of error to the Commission's conclusions and award are therefore overruled.

Defendants rely on the following cases in which our Supreme Court held various fact situations not sufficiently business-related to render an employee's death or injuries compensable under the

Workers' Compensation Act: *Perry v. Bakeries Co.*, 262 N.C. 272, 136 S.E. 2d 643 (1964) (employee injured while swimming in pool at motel where employer-sponsored meeting to commence following day); *Lewis v. Tobacco Co.*, 260 N.C. 410, 132 S.E. 2d 877 (1963) (employee killed while on hunting trip with sons of employer's office manager to whom employee was assigned as chauffeur); *Berry v. Furniture Co.*, 232 N.C. 303, 60 S.E. 2d 97 (1950) (employee injured during employer-sponsored beach trip outside normal business hours); *Barber v. Minges*, 223 N.C. 213, 25 S.E. 2d 837 (1943) (employee killed from injuries suffered during employer-sponsored fishing trip). We find the relationship between the death or injury and the employment in those cases significantly less substantial than that established by the record here. We thus do not believe those cases dictate a reversal of this award.

Defendants further contend that certain findings of fact are not supported by competent evidence. All findings material to the award are fully supported by competent evidence and thus are conclusive on appeal. *Inscoe v. Industries, Inc.*, 292 N.C. 210, 218, 232 S.E. 2d 449, 454 (1977); *Moore v. Piedmont Processing Company*, 56 N.C. App. 594, 596, 289 S.E. 2d 573, 574 (1982). This assignment of error is overruled.

Defendants finally contend the Commission erred in denying its motion to strike claimant's testimony, in response to a question as to what the plant manager said, that the manager "was glad that everybody came to the party." The response was a "shorthand statement" describing the remarks to which the manager himself subsequently testified. *See* 1 *Stansbury's North Carolina Evidence* § 125, pp. 391 (Brandis Rev. 1973). In light of the manager's subsequent testimony, without objection, to the same general effect, claimant's statement clearly did not prejudice defendants.

Affirmed.

Judges MARTIN (Robert M.) and MARTIN (Harry C.) concur.