The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Fuleihan and upon the briefs of counsel, both having waived oral argument before the Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
This case was originally heard by the Deputy Commissioner Fuleihan in Troy on August 17, 1994. Thereafter, following the receipt of the medical records of Moore Regional Hospital and Dr. David P. Fedder, and the parties' statements of contentions, the record in this case was closed.
A Pre-Trial Agreement was executed by the parties, dated August 17, 1994, and is incorporated herein by referenced. Additionally, the parties through counsel, stipulated that plaintiff had an average weekly wage of $117.46 at the time of plaintiff's injury, and a series of stipulated exhibits were filed at the hearing, Stipulated Exhibit 1, a picture of Rosa Baker, Stipulated Exhibit 2, a picture of the dog involved in the case, Stipulated Exhibit 3, home health aid instructions, Stipulated Exhibit 4, recorded statement of Doris Needham, Stipulated Exhibit 5, recorded statement of Sara Burns, Stipulated Exhibit 6, Employer's Report of Injury, Stipulated Exhibit 7, Employment Agreement, Stipulated Exhibit 8, Nursing Assessment Sheet, and Stipulated Exhibit 9, job description of home health aide.
Based upon all of the competent evidence in the record, the Full Commission rejects the findings made by the Deputy Commissioner and makes the following:
FINDINGS OF FACT
1. Plaintiff, who at the time of the evidentiary hearing in this case, was a 60 year old female born May 17, 1934, had a high school education and prior work experience as a nurse's aide with hospitals and home health care services. Plaintiff had an average weekly wage of $117.46 at the time of plaintiff's injury and a compensation rate of $78.31.
2. On March 30, 1994, plaintiff was employed with defendant employer as a home health aide. On that date plaintiff was assigned to the home of Rosa K. Baker, to provide home health care to Rosa K. Baker. Plaintiff's job duties consisted of bathing Mrs. Baker, assisting in her grooming, and to perform all housekeeping duties related to Rosa Baker's care. Her job specifically required Plaintiff to attend to Rosa Baker's needs and to keep her safe and to do whatever was necessary for her. A material part of her job was to prevent falls or injuries to Mrs. Baker.
3. Mrs. Baker was 88 years old. Her skin was dry and thin. Any little thing sharp would tear her skin. Mrs. Baker owned a dog which was usually kept tied up outside, chained to his house. When Plaintiff arrived on March 30, 1994, the dog was shut up on the back porch because he had broken loose during the night. Mrs. Baker was sitting in the living room and each time the dog came in he would run toward her and try to jump up on her. Plaintiff was afraid the dog was going to break Mrs. Baker's skin.
4. Sara Burns, Rosa Baker's daughter, asked Plaintiff to come outside and help her tie the dog to his dog house. Plaintiff went out to hold the dog until Sara Burns could get the collar and chain on him. In so doing the chain got around Plaintiff's leg. When Plaintiff turned the dog loose he ran as far as the chain would let him go; Plaintiff could not get out of the chain and she was thrown to the ground. On the day in question the dog had come in the house two times before Plaintiff and Sara Burns attempted to tie him up. As Sara Burns testified he (the dog) just ran in and jumped up on her mama's lap and she tried to make him get down — that was when Doris (Plaintiff) helped me to get him out.
5. As a result of the fall Plaintiff sustained an injury to the left knee. She was treated by Dr. David Fedder, Pinehurst Surgical Clinic, who performed left knee arthroscopy and lateral muniscetomy on 22 April 1994. Dr. Fedder certified that she could do light work, restricted to 6 hours per day, as of 18 July 1994. On 15 August 1994 Dr. Fedder assigned a permanent partial disability rating of 10% of the left leg.
6. Plaintiff was at her place of employment engaged in her assigned duties. Her patient's dog had broken loose during the night and was running in and about the house. The patient, Mrs. Baker, was 88 years old with fragile skin. Plaintiff feared that the dog would jump up on her patient and injure her. She aided patient's daughter in tying up the dog to keep him out of the house. She was carrying out her job assignment of attending to the needs of Rosa Baker, keeping her safe and to do whatever was necessary for her. Plaintiff's actions in assisting Sara Burns with tying up the dog, which resulted in plaintiff's injury, arose out of and in the course of plaintiff's employment. Plaintiff's actions were for the benefit of her employer.
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
CONCLUSIONS OF LAW
1. On March 30, 1994, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer resulting in a left knee injury. N.C.G.S. § 97-2 (6).
2. For an injury to be compensable under the North Carolina Worker's Compensation Act it, the injury, must arise out of and in the course of the employment. As used in the Act, the phrase "arising out of the employment" refers to the origin or cause of the accidental injury, while the words "in the course of the employment" refers to the time, place, and circumstances under which an accidental injury occurs. Bartlett v. Duke University,284 N.C. 230, 200 S.E.2d 193. While often interrelated, the concept of "arising out of" and "in the course of the employment" are, distinct requirements and both must be established for Plaintiff to recover. Hoyle vs. Isenhour Brick Tile Co.306 N.C. 248, 293 S.E.2d 198.
3. Here, the accident did in fact arise in the course of plaintiff's employment as she was at her usual place of employment carrying out her usual duties. The question then is whether the injury arose out of the employment. The courts have consistently held that an injury to an employee while he is performing acts for the benefit of a third person does not arise out of the employment unless the acts benefit the employer to an appreciable extent.Lewis v. Tobacco Co. 260 N.C. 410, 132 S.E.2d 877. Whether a claim is compensable turns upon whether the employee acts for the benefit of the employer to any appreciable extent or whether the employee acts solely for his own benefit or purpose or that of a third person.Gust v. Iron Metal Co., 241 N.C. 448,85 S.E.2d 596.
4. Plaintiff was called to assist in tying up the dog by Sara Burns, daughter of patient. Both Plaintiff and Sara Burns were concerned with the safety of the patient, a part of Plaintiff's assigned duties. The act of securing the dog outside was a definite safety factor for the patient.
5. The Worker's Compensation Act should be liberally construed to the end that the benefits thereof should not be denied upon technical, narrow and strict interpretations. The injury here sprang from the employment while Plaintiff was performing acts not for herself but for the benefit of her patient with whose safety she was entrusted. Our courts have consistently held that an injury arises out of the employment when it occurs while the employee is engaged in some activity that he is authorized to undertake and that benefits, directly or indirectly, the employee business. It is obvious that the safety of an 88 year old woman who is fragile and in poor physical condition is of concern to the employer and is, in fact, the primary concern of the employer. It strains credibility to contend in this case that Plaintiff's actions were not for the benefit of the patient and therefore the employer's business.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of Deputy Commissioner Fuleihan and enters the following:
AWARD
1. Plaintiff is entitled to temporary total disability of $78.31 per week from 30 March 1994 through 15 August 1994, less appropriate credit for any pay Plaintiff received for part-time employment, if any, from 18 July 1994 (the date on which the treating physician certified that she could do light work, restricted to 6 hours per day) through 15 August 1994 (the date on which the treating physician assigned a permanent partial disability rating of 10% to plaintiff's left leg), subject to the attorney's fee hereafter awarded. Plaintiff is entitled to $1,566.20 (20 weeks of disability at the rate of $78.31 per week) for the 10% permanent partial disability rating for her left leg. Plaintiff is also entitled to interest at the rate of 8% per year on all compensation, from 17 August 1994 (the date of the original hearing before the Deputy Commissioner) until paid to Plaintiff.
2. Defendants are to pay all medical expenses for treatment growing out of the 30 March 1994 injury by accident and which treatment is reasonably needed to effect a cure, give relief or lessen the period of disability, in accordance with medical payment procedures adopted by the Commission.
3. Plaintiff's attorney is entitled to a reasonable attorney's fee of 25% of the compensation awarded to Plaintiff, which amount shall be paid directly to such attorney.
4. Defendants shall pay all costs.
 S/ ___________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
DISSENTING:
S/ _______________________ JOHN A. HEDRICK DEPUTY COMMISSIONER