The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts and conclusions of law as those reached by the Deputy Commissioner with some minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the undersigned find as fact and conclude as a matter of law the following, which were entered into by the parties at the initial hearing and in a pretrial agreement as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant/employer.
3. Elastic Fabrics of America is duly self-insured, and Hewitt, Coleman and Associates is the servicing agent.
4. Plaintiff sustained a compensable injury to his lumbar spine on July 24, 1992 while lifting cloth from a tub at work. (I.C. File Number 253944)
5. Plaintiff again sustained a compensable injury to his lumbar spine on December 1, 1993, while lifting a bag of salt at work. (I.C. File Number 428363)
6. Plaintiff's average weekly wage is $340.73 yielding a compensation rate of $227.16.
7. An Industrial Commission Form 21 was approved by the North Carolina Industrial Commission on September 9, 1992 for I.C. File Number 253944 and a Form 26 was approved by the Commission in the same file on February 24, 1993.
8. Plaintiff was paid temporary total disability benefits at a compensation rate of $227.16 for the initial injury contained in I.C. File Number 253944 through October 15, 1992 and was paid permanent partial disability for seven and one-half weeks pursuant to a Form 26 Agreement.
9. Plaintiff's medical records were stipulated into evidence. These medical records consist of the medical records of James P. Aplington, M.D., medical records from Vincent E. Paul, M.D., medical records from Moses H. Cone Memorial Hospital and medical records from Baxter Health Care.
10. Plaintiff's Answers to Defendant's Interrogatories dated November 9, 1994, Plaintiff's Answers to Defendant's Interrogatories dated September 15, 1995, and Plaintiff's Answers to Defendant's Interrogatories dated June 24, 1996 were also stipulated into evidence.
11. The issue before the Commission is whether plaintiff's back problems on or after April 24, 1994 are compensable.
EVIDENTIARY RULINGS
The objections raised in the depositions of Vincent E. Paul, M.D. and James P. Aplington, M.D. are OVERRULED.
******************
Based upon the competent, credible, and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. Plaintiff worked as a jet dry machine operator for defendant/employer on July 24, 1992 and sustained a compensable injury to his lumbar spine while unloading fabric from a tub.
2. Plaintiff received treatment from James P. Aplington, M.D., an orthopaedic surgeon, and was referred for a MRI which indicated a herniated disk at the L5-S1 level. Dr. Aplington treated plaintiff with conservative measures, and plaintiff returned to work on or about October 19, 1992. Plaintiff's condition stabilized as of January 25, 1993, and plaintiff was given a permanent partial disability rating of two and one-half percent to the lumbar spine.
3. Plaintiff continued to work at his normal duties and did not seek any additional medical attention from January 25, 1993 until after the second compensable incident.
4. On December 1, 1993, plaintiff sustained a second compensable injury while lifting a bag of salt. Dr. Aplington treated plaintiff as a result of the second injury and indicated that plaintiff's straight leg raising test was negative and that plaintiff had a normal neurological examination. Dr. Aplington diagnosed plaintiff with a lumbar strain and treated plaintiff with conservative measures. Plaintiff did not miss any time from work as a result of the second compensable injury. Plaintiff was much improved as of December 21, 1993 and plaintiff did no receive any additional medical treatment until after his softball injury of April 24, 1994.
5. On or about April 24, 1994, plaintiff sustained an injury to his lumbar spine during a softball scrimmage game involving several company employees. Plaintiff was not on the company softball team. Plaintiff's attendance was not required and not recorded in the practice scrimmage. Plaintiff was not paid for attending this softball practice scrimmage. Defendant/employer received no benefit from the plaintiff having been there. This practice game occurred on a Sunday afternoon, and all the league games take place during the week in the evenings.
6. Plaintiff returned to Dr. Aplington after the softball scrimmage on April 27, 1994. Dr. Aplington noted that plaintiff had significant pain as a result of the softball injury and that his legs were weak. Dr. Aplington noted that plaintiff had a positive straight leg raising test for the softball injury and that nerve root entrapment was diagnosed after the softball injury. Dr. Aplington referred plaintiff for an MRI on May 2, 1994 which indicated that plaintiff had a new herniated disk at L4-5.
7. Plaintiff's disk herniation at L4-5 was caused by plaintiff's softball injury, which was a new and separate incident from his two prior injuries and thus not a compensable change of condition linked in any way to his two prior compensable injuries.
8. Plaintiff remained out of work from the date of the softball injury through June 23, 1994 at which time plaintiff returned to work for defendant/employer.
9. Plaintiff has failed to sustain his burden of proving that any injury to plaintiff which may have occurred on or about April 24, 1994 resulted from a specific traumatic incident of work assigned by defendant/employer or from any interruption of his normal work routine for defendant/employer by the introduction of unusual conditions likely to result in unexpected consequences.
******************
The foregoing stipulations and findings of fact engender the following
CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury to his lumbar spine on July 24, 1992 which resulted in a herniated disk at L5-S1 level. (I.C. File Number 253944) Plaintiff has received all benefits to which he is entitled as a result of this injury.
2. Plaintiff sustained a second compensable injury to his lumbar spine on December 1, 1993. (I.C. File Number 428363) Plaintiff did not miss any work as a result of this second injury, and plaintiff was diagnosed with having a lumbar strain.
3. There was no evidence of any nerve root entrapment.
4. On or about April 24, 1994, plaintiff did not sustain a compensable injury either as a direct result of a specific traumatic incident of the work assigned, or from an interruption of his normal work routine by an introduction of unusual conditions likely to result in unexpected consequences. Therefore, any injury sustained by plaintiff on or about April 24, 1994 did not result from a specific traumatic incident of the work assigned, or from any injury or accident arising out of or in the course of plaintiff's employment with defendant/employer. The unrelated new injury which occurred at the softball scrimmage does not constitute a compensable accident. North Carolina General Statute Section 97-2 (6); Martin v. Mars Manufacturing, 58 N.C. App. 577, 293 S.E.2d 816, cert. denied, 306 N.C. 742,295 S.E.2d 759 (1982).
5. Plaintiff's softball injury resulted in a new and different condition, a herniated disk at L4-5 level, and was not the natural and probable consequence of plaintiff's prior compensable injuries. Additionally, this softball injury resulted from plaintiff's intentional conduct, thereby, plaintiff intentionally engaged in the softball game, and plaintiff is therefore not entitled to compensation benefits. Horne v.Universal Leaf Tobacco Processors, 119 N.C. App. 682,459 S.E.2d 797 (1995). See also Carter v. Northern Telecom, ___ N.C. App. ___, 473 S.E.2d 774 (1996).
6. Plaintiff's claim, therefore, is not compensable under the provisions of the North Carolina Workers' Compensation Act. North Carolina General Statute Section 97-2(6).
******************
Based upon the foregoing stipulations, findings of fact and conclusions of law engender the following
ORDER
1. Under the law, plaintiff's claim must be and the same is HEREBY DENIED.
2. Each side shall bear its own costs.
This case is ORDERED REMOVED from the Full Commission hearing docket.
This the ___ day of ____________, 1997.
 S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ ___________________________ LAURA K. MAVRETIC COMMISSIONER
S/ ___________________________ EDWARD GARNER DEPUTY COMMISSIONER
JHB/nwm
10/08/97