Upon review of the competent evidence of record, and having the benefit of the arguments of the parties, the Full Commission, upon reconsideration of the evidence, reverses the Opinion and Award of the Deputy Commissioner and denies plaintiff's claim for compensation.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a pretrial agreement dated 12 May 2000 as:
 STIPULATIONS
1. The date of the injury giving rise to this claim was 23 May 1999.
2. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. At such time, an employment relationship existed between plaintiff and defendant-employer.
4. At such time, plaintiff's average weekly wage was such that it yields the maximum compensation rate of $560.00.
5. Plaintiff received short-term disability from 24 May 1999 through 19 November 1999, in the total amount of $15,325.54. This amount was paid pursuant to defendant-employer's short-term disability plan, which is 100% funded by defendant-employer.
6. The issue to be determined as a result of this hearing is whether plaintiff's injury arose out of and in the course and scope of his employment.
 ***********
Based upon the greater weight of the competent and credible evidence of record in this matter, the Full Commission makes the following additional
 FINDINGS OF FACT
1. On the date of the deputy commissioner's hearing plaintiff was a fifty-three year old college graduate who had worked for defendant-employer for eighteen years. Plaintiff's job duties consisted mostly of outside sales activities. These duties involved traveling to the places of business of customers and prospective customers to promote defendant-employer's products and to take orders. Plaintiff also delivered emergency orders to customers.
2. As an incentive, defendant-employer offered trips to food shows as prizes for employees who sold certain volumes of products. Plaintiff had taken approximately twenty such trips during his employment with defendant-employer. Defendant-employer provided transportation and, normally, spending money to employees who won these trips. Plaintiff and other employees were paid their normal salaries while on the trips. Defendant-employer also provided a program of food show events that he could attend.
3. No attendance was taken at the food show events or at the related parties.
4. On 23 May 1999, plaintiff was in Chicago, having won a trip to the Chicago food show through his employment with defendant-employer. On that day, plaintiff attended a major league baseball game. The baseball game was not on any itinerary or program provided for this trip and tickets to the ball game were not provided by defendant-employer. Plaintiff personally chose to attend the ball game and paid for his ticket.
5. While exiting the ballpark, plaintiff slipped and fell, twisting and rupturing a tendon in his right knee.
6. Plaintiff indicated that he left the ball game early because it started to rain and that he intended to go to a party at Dave Busters which was listed on a program of events available to salespeople who, like plaintiff, had won the privilege to travel to Chicago on this trip. Plaintiff was not expected to attend the ball game; the baseball game was not on the program of events provided by the employer; and travel to and from the ball game was for plaintiff's purpose and did not directly serve the interests of his employer. Plaintiff was free to attend, or not attend, events on the program that was provided to him and was only expected by his employer to attend the food show. Plaintiff was free to travel to baseball games, take city tours, site see, or to remain in his hotel; plaintiff was not required to attend any specific function.
7. Plaintiff was not required to attend the party at Dave Busters.
8. After the fall, plaintiff immediately was taken to the hospital. Plaintiff had surgery to repair his knee on 2 June 1999.
9. Plaintiff's 23 May 1999 injury did not arise out of and in the course of his employment with defendant-employer. The trip to Chicago was a pleasure trip won by plaintiff as a result of a sales incentive program with his employer. Plaintiff was not required to travel to the baseball game, chose to do so at his own desire, and his attendance at the baseball game, including travel to and from the game, was not an act arising out of and in the course of plaintiff's employment.
 ***********
The foregoing stipulations and findings of fact result in the following additional
 CONCLUSION OF LAW
1. Plaintiff did not sustain an injury arising out of and in the course of his employment. N.C. Gen. Stat. § 97-(2) (6); Roman v.Southland Trans. Co., 350 N.C. 549, 515 S.E.2d 214 (1999); Perry v.Bakeries Co., 262 N.C. 272, 136 S.E.2d 643 (1964); Lewis v. Tobacco Co.,260 N.C. 410, 132 S.E.2d 877 (1963); Burton v. American National Ins.Co., 10 N.C. App. 499, 179 S.E.2d 7 (1971).
 ***********
The foregoing findings of fact and conclusions of law result in the following
 AWARD
1. Plaintiff's claim for workers' compensation benefits is denied.
2. Parties shall pay their respective costs.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
DISSENTING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER