Upon review of the competent evidence of record, and having the benefit of the arguments of the parties, the Full Commission, upon reconsideration of the evidence, reverses the Opinion and Award of the Deputy Commissioner and denies plaintiff's claim for compensation.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a pretrial agreement dated 12 May 2000 as:
 STIPULATIONS
1. The date of the injury giving rise to this claim was 23 May 1999.
2. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. At such time, an employment relationship existed between plaintiff and defendant-employer.
4. At such time, plaintiff's average weekly wage was such that it yields the maximum compensation rate of $560.00.
5. Plaintiff received short-term disability from 24 May 1999 through 19 November 1999, in the total amount of $15,325.54. This amount was paid pursuant to defendant-employer's short-term disability plan, which is 100% funded by defendant-employer.
6. The issue to be determined as a result of this hearing is whether plaintiff's injury arose out of and in the course and scope of his employment.
 ***********
Based upon the greater weight of the competent and credible evidence of record in this matter, the Full Commission makes the following additional
 FINDINGS OF FACT
1. On the date of the evidentiary hearing, plaintiff was a fifty-three year old college graduate who had worked for defendant-employer for eighteen years. Plaintiff's job duties consisted mostly of outside sales activities. These duties involved traveling to the places of business of customers and prospective customers to promote defendant-employer's products and to take orders. Plaintiff also delivered emergency orders to customers.
2. As an incentive, defendant-employer offered trips to food shows as prizes for employees who sold certain volumes of products. Plaintiff had taken approximately twenty such trips during his employment with defendant-employer. Defendant-employer provided transportation and, normally, spending money to employees who won these trips. Plaintiff and other employees were paid their normal salaries while on the trips. Defendant-employer also provided a program of food show events that he could attend.
3. No attendance was taken at the food show events or at the related parties.
4. On 23 May 1999, plaintiff was in Chicago, having won a trip to the Chicago food show through the aforementioned incentive program with defendant-employer. On that day, plaintiff attended a major league baseball game. The baseball game was not on any itinerary or program provided for this trip and tickets to the ball game were not provided by defendant-employer. Plaintiff personally chose to attend the ball game and paid for his ticket.
5. While exiting the ballpark, plaintiff slipped and fell, twisting and rupturing a tendon in his right knee.
6. Plaintiff indicated that he left the ball game early because it started to rain and that he intended to go to a "Dave Busters" party which was listed on a program of events available to salespeople who, like plaintiff, had won the privilege of taking the trip to Chicago. Defendant-employer did not expect plaintiff to attend the ball game; the baseball game was not on the itinerary of events related to the food show; and travel to and from the ball game was for entirely for plaintiff's benefit and did not serve any interests of defendant-employer. Plaintiff was free to attend, or not attend, events on the itinerary that was provided to him; defendant-employer anticipated that plaintiff would attend some portion of the food show only. Plaintiff was free to travel to baseball games, take city tours, site see, or to remain in his hotel; plaintiff was not required to attend any particiular function, and plaintiff was not required to attend a "Dave 
Busters" party, which was scheduled to begin several hours after the time plaintiff left the ball park. The greater weight of the evidence is that the attendance of the ball game was a deviation from any benefit the employer could have anticipated from plaintiff's attendance at any food show event, and plaintiff was still on his deviation to the ballgame when he fell.
8. After the fall, plaintiff immediately was taken to the hospital. Plaintiff had surgery to repair his knee on 2 June 1999.
9. Plaintiff's 23 May 1999 injury did not arise out of and in the course of his employment with defendant-employer.
 ***********
The foregoing stipulations and findings of fact result in the following additional
 CONCLUSION OF LAW
Plaintiff did not sustain an injury arising out of and in the course of his employment. N.C. Gen. Stat. § 97-(2) (6); Roman v. SouthlandTrans. Co., 350 N.C. 549, 515 S.E.2d 214 (1999); Perry v. Bakeries Co.,262 N.C. 272, 136 S.E.2d 643 (1964); Lewis v. Tobacco Co., 260 N.C. 410,132 S.E.2d 877 (1963); Burton v. American National Ins. Co.,10 N.C. App. 499, 179 S.E.2d 7 (1971). An injury to an employee while he is performing acts for his benefit, or for the benefit of third persons, is not compensable unless the act benefits the employer to an appreciable extent. Fulcher v. Willard's Cab Co., 132 N.C. App. 74, 511 S.W.2d 9 (1999) (Greene, J., concurring); see Lewis, supra; Burton, supra. The condition that the injury must arise out of and in the course of employment separates workers' compensation from general health insurance. Perry, supra. Plaintiff's injury while on a deviation to a baseball game is not compensable. Bowser v. N.C. Department ofCorrection, ___ N.C. App. ___ (20 November 2001); N.C.G.S. § 97-2(6). Plaintiff had not ended his personal deviation when he was injured leaving the ballpark. Bowser, supra.
 ***********
The foregoing findings of fact and conclusions of law result in the following:
 AWARD
1. Plaintiff's claim for workers' compensation benefits is denied.
2. The parties shall pay their respective costs.
 S/______________ RENE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
DISSENTING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER